MUTUAL LIFE INSURANCE COMPANY V. ELIZABETH
K. SIMPSON.

No. 316.

1. **Life Insurance Policy—Warranties.**
   Answers made by the assured in his application as to his freedom from specific diseases are warranties; and a policy obtained upon such answers, when false, is voidable, without reference to their materiality as to the risk. 335

2. **Warranty Broken—Headache.**
   Assured answered an inquiry in his application, that he never was subject to "headache—severe, protracted, or frequent." There was testimony under proper pleadings, that the statement was false. It was material error to charge the jury, "that temporary illness of assured in the course of everyday life, brought on by excessive exercise or overwork, is not embraced in said application; * * * but the answers in said application have reference to such diseases or ailments as indicate a vice in the constitution, or are so serious as to have some bearing on the general health." For this error, the judgment is reversed ........................................ 336

**3. Disease.**

The word disease may include and is often used to designate ailments more
or less trivial. And an insurance company may, if it elects, inquire about
any ailment, and take a warranty concerning it, lest it might affect the
risk, although it can not be known that it will ........................ 337

ERROR to Court of Civil Appeals for First District, in an appeal from Harris County.

The opinion contains a sufficient statement.

*Ewing & Ring*, for plaintiff in error—1. The first cardinal rule as to construction of contracts is, to ascertain the intent; the second is, to apply to words their "ordinary and popular meaning" in arriving at the intent; the third is, to arrive at the intent from the whole of the agreement. All other rules are but subsidiary. Laws. on Con., secs. 386–389. The insurance contract is no exception; the competency of the parties to make the truth of the statements by the assured a warranty is established by the consensus of authority, and is not to be doubted. The effect of the warranty is not an open question in this court. Ins. Co. v. Hazlewood, 75 Texas, 345. See also Bliss on Ins., sec. 36, p. 48; Jeffries v. Ins. Co., 22 Wall., 53; Ins. Co. v. France, 91 U. S., 512; May on Ins., sec. 300.

2. The popular ordinary meaning of headache is involved in no mist. The only definition is, "A pain in the head; cephalalgy." Webster's Int. Dic., "Headache." And cephalalgy is in turn defined as the medical term for headache. Id., "Cephalalgy." Disease is defined, among other things, as an ailment. It is common knowledge that headache is in and of itself a disease or ailment in medical science, as well as by popular signification. And whatever be the infinitesimal shades of distinction in the varieties of headache by medical science, it is at least only the disease of pain in the head—popularly, headache; scientifically, cephalalgy. It is believed that headache is a disease of itself never fatal. It may be symptomatic of some other disease of fatal tendency, but that is all. And the inquiry in the present instance was clearly of headache as a disease in and of itself. This is made manifest from the fact that the diseases of which headache may be symptomatic, such as epilepsy, are independently asked about. The question was specific—frequent, severe, or protracted, is the language. It was for the company to determine whether headache, frequent, severe, or protracted, was, as a disease, or even by symptomatic tendency, of dangerous character. The language was plain and specific. What did each party understand it to mean? Can there be a doubt? 58 Ark., 528; 25 S. W. Rep., 835; Ins. Co. v. Archelger (Ariz.), 36 Pac. Rep., 895; Ins. Co. v. Martin (Ind.), 33 N. E. Rep., 105; 104 U. S., 203; 112 U. S., 257.

*Baker, Botts, Baker & Lovett*, for defendant in error.—1. Questions in the application for life insurance, and answers thereto, as to whether

the applicant ever had "headaches, severe, protracted, or frequent," and as to the "particulars of any illness, the date, duration, and remaining effects thereof," and as to whether the applicant is in "perfect health, so far as he knows or believes," have reference only to such diseases or ailments as indicate a vice in the constitution, or are so serious as to have some bearing upon the general health, and the continuance of life, or such as according to common understanding would be termed a "disease," and not to a mere ailment or illness not of a character to indicate a vice in the constitution, or so serious as to have some bearing upon general health or continuance of life, such as according to common understanding would be called "disease." Cook on Life Ins., secs. 27, 28; Ins. Co. v. Trust Co., 112 U. S., 250, 257; Ins. Co. v. Trefz, 104 U. S., 97, 204; Peacock v. Ins. Co., 20 N. Y., 293; Grattan v. Ins. Co., 92 N. Y., 274, 280; Cushman v. Ins. Co., 70 N. Y., 72, 76.

2. Courts look with disfavor upon forfeitures, and will construe all the conditions of the contract and the obligations imposed liberally in favor of the assured, and strictly against the insurer. Ins. Co. v. Hazelwood, 75 Texas, 338, 347; Alabama Gold Co. v. Johnston, 80 Ala., 467; Snyder v. Ins. Co., 13 Wend., 92.

ALEXANDER, SPECIAL ASSOCIATE JUSTICE.—This was a suit by Elizabeth K. Simpson against the plaintiff in error to recover on a life insurance policy, insuring the life of her husband, William Simpson, in the District Court of Harris County, in which she recovered judgment on a trial before a jury, which was, on appeal, affirmed by the Court of Civil Appeals; and on application of the insurance company a writ of error has been granted.

The insurance company defended on the ground, among others, that there was a breach of the warranties made by the assured, on the faith of which the policy was issued, and that it was thereby avoided. The record discloses, that preliminary to the insurance, and as a basis thereof, inquiry was made of the applicant for insurance, as follows: "Have you ever had any of the following diseases?" Then follow inquiries as to a variety of ailments, some of which are universally known to be fatal, or likely to affect the duration of life, such as "consumption," "spitting or coughing of blood," "paralysis," "apoplexy," and "disease of the heart." There are also inquiries made as to certain other physical disabilities, not necessarily or probably coming within the category above mentioned, such as "frequent or difficult urination," "dizziness," "palpitation of the heart," "shortness of breath," "headaches—severe, protracted, or frequent."

To the inquiry as to the last mentioned the assured answered, "No." It is conceded that the answers were warranties, and if untrue, that the policy was avoided, without reference to their materiality as to the risk.

The evidence shows, that for many months prior to the contract, at irregular intervals, but frequently, the assured had what is designated in the evidence as sick headache; that it was severe, accompanied by vomitings and a pain in the region of the chest, which disability continued from six to eighteen hours, but after sleep, which followed the vomitings, a normal condition existed. It also appears, that all of these spells were preceded by excessive work and fatigue and loss of sleep, which are assigned by the witness, plaintiff below, as the cause thereof. And it sufficiently appears, that the assured was otherwise a man of robust health.

The District Court charged the jury to find for plaintiff, "unless * * * the assured in his application and examination, upon which the policy was issued, touching his drinking wine, spirituous and malt liquors, and to what extent, and his former habit of drinking wine, spirituous and malt liquors, answered falsely; or unless they believed that in such application, touching whether assured ever had diseases, such as headaches, severe, protracted, or frequent, and the particulars and duration of same; and as to his being in perfect health, the said assured answered falsely, in which case you will find for defendant. But you are charged, that temporary illness of assured in the course of everyday life, brought on by excessive exercise or overwork, is not embraced in said application, nor is an occasional drink of spirituous, vinous, or malt liquor embraced in the said application, but the answers in said application have reference to such diseases or ailments as indicate a vice in the constitution, or are so serious as to have some bearing on the general health, *and* such as, according to general understanding, would be called a disease.

"And you are charged, that the questions and answers respecting the drinking of spirituous, vinous, or malt liquors by assured, and former habits mentioned in said application, have no reference to an occasional drink taken, nor to occasional indulgences, unless such drinking was habitual."

This charge is approved by the Court of Civil Appeals as a correct exposition of the law of the case. There is no complaint in the application for writ of error, that this charge is on the weight of the evidence.

It is not deemed necessary to set out the charges requested and refused, or the assignments of error complaining of the charge and the refusal of charges. They are sufficient to require a determination as to whether there was material error in the instructions of the court. Justice Ramsey and the writer agree, that the part of the charge which instructs the jury that the answers of the assured have reference to such diseases or ailments as indicate a vice in the constitution, or are so serious as to have some bearing on the general health *and* in the continuance of life, was a material error, prejudicial to defendant, for which the judgment of the Court of Civil Appeals should be reversed.

We are not unmindful of the well recognized rules as to the construction of contracts of insurance—that forfeitures are not favored, that

generally in cases where there is doubt or ambiguity, that construction should be adopted most favorable to the assured, the reasons for which are obvious, and need not be recounted. On the other hand, when the language of contracting parties is plain and unambiguous, and there is no reason for misunderstanding the purport thereof, effect must be given to it, enlarged or limited only by the nature of the subject to which it is applied.

Said the United States Supreme Court, speaking by Justice Jackson, in the case of Insurance Company v. Coos, 151 United States (Co-operative Edition, Book 38, page 235): "It is settled by this court, that when an insurance contract is so drawn as to be ambiguous, as to require interpretation, or to be fairly susceptible of two different constructions, that construction will be adopted which is most favorable to the assured. But the rule is equally well settled, that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." As said by the Court of Appeals of New York (Mack v. Insurance Company, 106 New York), as quoted by Judge Jackson: "It tends to bring the law itself into disrepute when, by astute and subtile distinctions, a plain case is attempted to be taken without the operation of a clear, reasonable, and material obligation of the contract."

The charge of the court and the opinion of the Court of Civil Appeals virtually assume, that because the inquiry is about diseases, it is necessarily and always about diseases which either indicate a vice in the constitution, or are so serious as to have some bearing on the general health *and* in the continuance of life; and this, notwithstanding the specific inquiries may be as to physical disabilities or ailments which, according to common understanding, are diseases, but which nevertheless are not understood to indicate the conditions enumerated in the charge. This seems to reverse a common rule of the construction of language. If it be true, that when an inquiry about diseases is made, it means only such as are mentioned in the charge, notwithstanding the specific inquiries are about ailments not usually indicating such conditions, the well established distinction between warranties and representations would be useless, for then there would be a breach of warranty only when the matter warranted was both false and material to the risk.

The word disease may include, and is often used to designate, ailments more or less trivial. Medical science, as expounded by its experts, has not definitely determined all of the physical ailments which indicate a vice in the constitution, or have a direct tendency to shorten life. Through abundant caution the insurance company may, if it elects, inquire about any ailment, and take a warranty concerning it, lest it might affect the risk, although it can not be known that it will.

The length of this opinion precludes more than a brief reference to some of the cases cited by defendant in error, and discussed by the court below.

In the Cushman case, 70 New York, 73, from the opinion in which the language of the charge under discussion seems to have been copied, it is noticeable that the court says, that "it must be *generally* true, that before an ailment can be called a disease it must be" such as is indicated in the language of the charge. The case was one upon conflicting evidence as to whether assured had ever had disease of the liver, or any serious disease, and it was decided that the defendant was not entitled to have a nonsuit entered, and that whether there were such diseases was properly submitted to the jury; and this is all that the case decides.

In the case of Trefz, 104 United States, 197, the assured, to questions about various diseases, answered, "Never sick;" and it distinctly appears that he was never sick of any of the diseases inquired about. And notwithstanding an apparent disclaimer by the court, the case obviously was in part determined upon the fact that the assured was a foreigner, unfamiliar with the English language.

In the case of Insurance Company v. Trust Company, 112 United States, 250, the inquiry was about an affection of the liver; and we think it is distinguishable from an inquiry about "headaches, severe, frequent, or protracted."

To avoid misconstruction, we state that we do not think, if the disability inquired about was not inherent, but was produced by extraordinary conditions, such as those described in the record, that the answer to the question should be held untrue.

For the purpose which will appear, we state that the following further inquiries were made of the assured, which his answers follow: "Do you ever drink wines, spirits, or malt liquors?" "No." "To what extent?" "Not at all." "Former habit of drinking wines, spirits, or malt liquors." "Not at all."

Justice Ramsey desires it stated, that in his opinion that part of the charge which instructs the jury that an occasional drink of liquor is not embraced in the application, and the questions and answers have no reference to an occasional indulgence, unless such drinking was habitual, was material error, for which the judgment should be reversed. He holds, that the questions must be considered together, and that the obvious purpose of the questions was to ascertain whether the assured, at the time or in the past, had been addicted to the use of intoxicating liquors, and the extent thereof; and that the charge precluded the jury from giving proper consideration of the evidence about the drinking of the assured; and that the meaning of these questions and answers should have been submitted to the jury, unrestrained by these limitations in the charge.

The writer is of the opinion, that since the question of former habit was properly submitted, and since there was no evidence of the falsity

of the answers to the first two questions, if there was error in this part of the charge, it was harmless.

It is not believed that the other complaints of error are well founded, nor is it considered necessary to discuss them. For the error first indicated, the judgment of the Court of Civil Appeals is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered June 14, 1895.

### DISSENTING OPINION.

HUME, SPECIAL CHIEF JUSTICE.—I am of opinion that this case was properly determined by the Court of Civil Appeals.

Conceding all that is claimed as to the distinctive force of a warranty, it is still true, that the situation and purposes of parties to it must be considered, just as they are in cases of contracts in other forms.

The purpose of a life insurance company is to secure risks on sound lives. It is interested in knowing that the applicant for insurance is not affected with infirmities that will hasten the event against which it insures. It inquires about his "diseases." I think, that according to common understanding a disease is an affliction that takes hold of its victim; abides with him; impairs or menaces his functional vitality; and lessens the probabilities of the average duration of his life.

The charge upon which the case is reversed seems to me to be warranted by the evidence upon both points named in the opinion.

Delivered June 14, 1895.