HOME BENEFIT ASS'N v. GRIFFIN et al.
(No. 694.)

Court of Civil Appeals of Texas. Waco. Oct. 25, 1928.

Trippet, Richey & Sheehy, of Waco, and Oltorf & Oltorf, of Marlin, for appellant.

Conway & Scharff, of Waco, and H. E. Thomas, of Mart, for appellees.

GALLAGHER, C. J. This suit was instituted by appellees, Mrs. Minnie Griffin and husband, John Griffin, against appellant, Home Benefit Association, an unincorporated mutual aid organization, to recover the sum of $1,500 on account of the total permanent disability of Mrs. Griffin, who held a benefit certificate issued by appellant. The application for said certificate was taken by one Tunnell, a soliciting agent of appellant. Said application was for a certificate in class F. The dues required of a member in said class were nowhere stated in the application. Neither were the benefits promised such member stated therein. Said application had a blank at the top for the age of the applicant at her last birthday. This blank was filled with the figures "60." There was another blank in the body of the certificate for the date of the applicant's birth, which was correctly filled, showing that she was born February 15, 1860. She was therefore nearly 63 years old on January 9, 1923, when said application was signed. Said application contained the following provision:

"In no case shall any liability rest with said Association unless a policy of insurance is issued to and delivered to and signed by me. * * * No representations have been made to me by agent of said Association other than herein expressed."

The testimony showed without contradiction that said soliciting agent had in fact no authority to make contracts of insurance, not to vary the terms of the written certificates issued by appellant. A certificate was duly issued on said application, and promptly mailed to, and received by, appellees. They put the same away without reading it, and never read the same until after April 1, 1926, when Mrs. Griffin suffered an accident which resulted in her total permanent disability. Said certificate provided, among other things:

"This membership is based on his or her application, which application is filed in the home office of the Home Benefit Association at Marlin, Texas, and made a part of this contract."

Following the signatures of the officers of the association on said certificate appears the following:

"I accept this certificate subject to the conditions above set forth.
"————————, Insured."

According to the provisions of said certificate, the holder was obligated to pay the following assessments:

$1.10 on the death of a member of said class;
1.10 additional on the death of a member of said class from accident.
.60 should any member of such class sustain the loss of an eye, hand or foot.
1.10 should any member of such class, through accident, become totally and permanently disabled, prior to attaining the age of sixty years.

The benefits promised in said certificate to the holder thereof were the respective amounts raised by an assessment on the members of such class at the rates aforesaid, not to exceed:

$1,500.00 on the death of such holder from natural causes.
3,000.00 on the death of such holder from accident.
750.00 for the loss by such holder of an eye, hand or foot.
1,500.00 on total permanent disability of such holder from accident prior to attaining the age of sixty years.

Said certificate contained no provision for the payment of any sum in case of total permanent disability of the holder after attaining the age of 60 years. Neither did it contain any provision releasing such holder, after attaining the age of 60 years, from paying the stipulated assessments in event other members of such class prior to attaining such age, should sustain an accident resulting in total permanent disability. Said certif-

icate form was the only one used for members of said class. The agent, Tunnell, at the time he took the application, exhibited a certificate, and told appellee John Griffin, who acted for his wife in the premises, that that was the kind of certificate she would receive. Griffin did not examine the same. Appellant did not issue any form of certificate promising accident benefits of any kind to applicants over .60 years of age. After an applicant had attained that age, the only certificate issued was one promising the payment of the sum of $1,000 at death of the holder,· and known as class D. Appellant's secretary testified that the certificate held by Mrs. Griffin was the only one issued by the association in class F. to a person more than 60 years old at the time of issuance, and that it was issued under the mistaken belief that she was then not more than 60 years of age, but he also testified in that connection that he knew at the time that she was born in 1860.

Appellee Griffin and his son both testified, in substance, that appellant's soliciting agent stated specifically that the certificate to be issued by appellant would not only provide for the payment of $1,500 in case of death from natural cause and $3,000 in case of death from accident, but would also provide for the payment of $1,500 in case the holder suffered an accident which resulted in total permanent disability. Griffin further testified in this connection that his eyesight was bad, and that he did not read the application which he signed. The soliciting agent had been discharged by appellant for making false representations to applicants, and his whereabouts were unknown.

By the terms of the certificate, no member of class F was entitled to permanent total disability benefits until he or she had been a member of such association for a period of one year. Appellant's secretary testified that a number of certificates in class F were issued to applicants 59 years of age, who therefore never could become entitled to total permanent disability benefits under the terms of their respective certificates. He further testified that all members in said class, after attaining the age of 60 years, continued to pay assessments when any other member of such class sustained such disability prior to attaining such age. Mrs. Griffin paid all assessments called for by her certificate, which included several on account of total permanent disability of members of such class resulting from accidents suffered by them, respectively, before attaining the age of 60 years. The total cost of Mrs. Griffin's membership in class F of appellant's association to the time of her accident was $120. The total cost of her membership in class D therein to that date would have been $175.

Appellees applied to appellant for payment of the sum of $1,500 on account of the total permanent disability of Mrs. Griffin resulting from the accident which she sustained. Such payment was refused. Appellant contended in that connection that it had no notice of the promises of its soliciting agent to the effect . that the certificate to be issued by it would authorize or require the payment of such a benefit to her, and that such benefit was precluded by the terms of the certificate issued by it, and delivered to and retained by appellees. Appellant in that connection offered to cancel such certificate and return to Mrs. Griffin all payments made by her thereunder, or to continue the certificate in force according to its terms so long as appellees paid the assessments required thereby. Appellees elected to sue for the benefit in controversy, and have continued paying all assessments as required by the terms of said certificate.

The pleadings of the parties were sufficient to raise the issues hereinafter discussed. The case was tried to the court and a judgment rendered in favor of appellees against appellant for the sum of $1,500, with interest from the date thereof.

### Opinion.

Appellant submits various propositions as grounds for reversal. The substance of its contentions is: (1) That its soliciting agent was without power to contract; that appellees were put on notice of such lack of power by the terms of the application, and that it is therefore not bound by the promise of the soliciting agent that it would issue a certificate providing for the payment of any sum as indemnity in case of total permanent disability resulting from accident; (2) that appellees, having received and retained the certificate issued by it for more than three years without complaint, are bound by its terms whether they actually read the same or not; (3) that appellees are precluded from recovery by the terms of the certificate, and that they are bound thereby.

■ There is no contention in this case that the soliciting agent had authority to contract with appellees for the issuance to Mrs. Griffin of a benefit certificate by appellant. There is no contention that such agent misstated any of the terms of the application, nor that he made any statement that would justify appellee Griffin in assuming that it did not contain the provisions relied on by appellant as limiting the power and authority of such agent. There is no contention that such agent did anything to prevent appellee Griffin from reading said application. Griffin did not ask either the agent or his son, who was present, to read it to him. Under such circumstances, we think appellees are bound by such notice with reference to the extent of the authority possessed by such agent as follows from a reasonable construction of said application. We quote on this point from Dela-

ware Insurance Co. v. Harris, 26 Tex. Civ. App. 537, 544, 64 S. W. 867, 871 (writ refused), as follows:

"The fact that appellee did not read the application, and knew nothing of its provisions, was not sufficient, under the circumstances, to authorize the court in holding that appellee was not bound by the terms of the contract entered into by him. Insurance Co. v. Holcomb, [89] Tex. Sup. [404], 34 S. W. 918; . Morrison v. Insurance Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63; Insurance Co. v. Fletcher, 117 U. S. 536, 6 S. Ct. 837, 29 L. Ed. 934; Joyce, Ins., § 1974. The application fully set forth the extent of the agent's authority, and, as appellee is bound by the terms thereof, he must be held to know the extent of that authority; and he cannot avoid the force of the terms of the contract upon anything said or done by the agent outside of the express authority delegated to him by the insurance company, as shown by the contract itself. Railroad Co. v. Best, [93] Tex. Sup. [344], 55 S. W. 315; Insurance Co. v. Mize (Tex. Civ. App.) 34 S. W. 670; Insurance Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99; Insurance Co. v. Simpson, 88 Tex. 333, 31 S. W. 501, 28 L. R. A. 765, 53 Am. St. Rep. 757; Insurance Co. v. Harris, [94] Tex. Sup. [25], 57 S. W. 635 [86 Am. St. Rep. 813]."

See, also, Texas State Mutual Fire Ins. Co. v. Richbourg (Tex. Com. App.) 257 S. W. 1089, 1090–1092, pars. 5–7, and authorities there cited.

▬▬ Not only did said application state, in effect, that no representations had been made by the agent, but it also expressly stipulated that no liability should rest upon appellant, unless a benefit certificate was issued by it, and delivered to, and signed by, the applicant. The reasonable effect of these provisions is that the proposed contract of insurance could or would be consummated only by the acceptance by appellees of such certificate, if any, as might be issued by appellant and tendered to them. This construction is in harmony with the certificate tendered, which contained immediately, after the signatures of appellant's officers thereto, a declaration that such certificate was accepted subject to the conditions set forth therein, followed by a blank line for the signature of the insured. Appellee Griffin testified that he looked at the signatures to the certificate, and that the same were light and delicate. Since his eyesight was good enough to observe the condition of the signatures, it must necessarily have been sufficient to have discovered that a blank space was provided for the signature of the insured in token of her approval of the certificate so tendered. We do not see what other or more effective means appellant could have employed to bring home to appellees notice of the limited power and authority of its soliciting agent. The issue here involved is not one of notice to the soliciting agent of some existing fact or circumstance which would cause the rejection of the application by appellant, or which would justify it in denying liability on any certificate issued thereon, and the intentional omission from or misstatement of such fact or circumstance by such agent in the preparation of the application, as in the case of Equitable Life Insurance Co. v. Hazlewood, 75 Tex. 338, 347, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893.

The issue involved is the effect of a promissory representation of the agent, contractual in its nature, that, if appellant should issue a certificate on said application, such certificate would include a promise to pay Mrs. Griffin the sum of $1,500, in event she should suffer an accident resulting in her total permanent disability (regardless of her age). Not only was the agent without power and authority to bind appellant by such promise, but appellant had never in fact issued, or offered to issue, any such certificate. Appellant acted on the application as presented, and issued the certificate called for therein. Appellees did not ask for rescission of the contract on the ground that the certificate tendered was not in terms the certificate applied for. Neither did they ask rescission on the ground that the certificate tendered was not such certificate as the soliciting agent represented it would be, or on any other ground. They asserted that they were entitled to have the certificate reformed so as to correspond with the promise of the soliciting agent, and made by the court to thereby constitute a contract imposing upon appellant a burden which it never agreed to assume, which it never authorized its soliciting agent to assume in its behalf, and which it had never assumed in favor of any other person. They also asked that such contract as so reformed be enforced against appellant. We do not wish to be understood as holding that it was, in the absence of notice to appellees, within the apparent authority of the soliciting agent to bind appellant to issue a certificate providing for payment of total permanent disability benefits to Mrs. Griffin in event she suffered such disability, if it accepted the application and issued a certificate thereon. We do not find it necessary to determine this question. See, in this connection, Hartford Fire Ins. Co. v. Walker, 94 Tex. 473, 477, 478, 61 S. W. 711; Fitzmaurice v. Mutual Life Ins. Co., 84 Tex. 61, 64, 19 S. W. 301; Texas State Mutual Fire Ins. Co. v. Leverette (Tex. Civ. App.) 289 S. W. 1032, 1034; 32 C. J. p. 1067, § 145, from which we quote as follows:

"A soliciting agent is merely a special agent, and as a general rule, has authority only to solicit insurance, submit applications therefor to the company and perform such acts as are incident to that power. He may bind the company by agreements and representations properly made in connection with the application for insurance, *but ordinarily has no authority to bind it by attempted acts or contracts in its*

*behalf, relating not to the taking of the application, but to the subsequent contract of insurance.*" (Italics ours.)

See, also, the authorities cited in notes 38 to 41 to said section, inclusive.

Neither do we find it necessary to pass upon the question whether the action of appellees in receiving and retaining the certificate for more than three years without complaint was such an acceptance of the terms thereof as to preclude them from repudiating the same and recovering all sums paid thereunder on the ground of misrepresentation or false promises of the soliciting agent. See, in this connection, Mutual Life Ins. Co. v. Hargus (Tex. Civ. App.) 99 S. W. 580, 581; Federal Life Ins. Co. v. Hoskins (Tex. Civ. App.) 185 S. W. 607, 608, 609; Equitable Life Assur. Society v. Maverick (Tex. Civ. App.) 78 S. W. 560, 561; Commercial Jewelry Co. v. Braczyk (Tex. Civ. App.) 277 S. W. 754, 755, and other authorities there cited. Appellees were not seeking to rescind the contract. They had refused appellant's offer to rescind and return all payments made by them thereunder. We do not think that appellees are entitled to have the certificate sued on by them reformed and enforced according to their contention. The judgment of the trial court cannot therefore be sustained, as contended by them, on the theory that the trial court found that they were entitled to such reformation and enforcement and rendered the judgment applied for in pursuance of such finding, without a formal decree of reformation. Appellant's first contention as aforesaid is sustained.

Appellees contend, however, that, regardless of any lack of authority on the part of said soliciting agent, appellant is estopped to deny a recovery by them on said certificate because it received and accepted dues and assessments thereon from them after this controversy arose, and with knowledge of their claim with reference thereto. Appellant did not deny the validity of the certificate held by Mrs. Griffin, nor its obligation to comply with the terms thereof as written therein. It was not attempting to repudiate its contract as actually executed and delivered by it to appellees. Its secretary offered to rescind the same and restore to appellees all moneys received from them thereunder, or, in the alternative, to permit them to continue the certificate in force according to its tenor and effect, and apparently without prejudice to their right to litigate their claim for total permanent disability benefits on account of the accident suffered by Mrs. Griffin. Said certificate was shown to be the most favorable of any ever issued by appellant to one of Mrs. Griffin's age. There is no intimation in either pleading or proof that she, even at the time of its issuance, could have secured a contract for like benefits from any other association or insurance company on the same terms or

terms more favorable. Said certificate was valuable to Mrs. Griffin. To have denied her the right to continue said certificate in force by continuing to pay the assessment stipulated therein would have been a breach by appellant of the contract which it actually executed and delivered to her. Appellee Griffin testified that appellant's secretary offered to permit the policy to remain in force according to the provisions contained therein. While appellees did not accept such proposition in words, they did in effect accept it by their acts by continuing to pay the assessments required thereby.

This case is distinguishable from the case of Baker v. Fort Worth Mutual Benevolent Ass'n, 115 Tex. 300, 280 S. W. 165, cited and relied on by appellees. In that case Baker was entitled to the benefit demanded under and by virtue of the very terms of the certificate issued and delivered to him by the association. The association, in refusing to pay him, was denying the validity of one of the provisions of his certificate on the ground that the same had been procured by fraudulent representation with reference to the facts affecting that particular provision. The court properly held that it could not deny the validity of any of the provisions of the certificate so executed and delivered by it and continue the same in force as to other provisions by accepting payments thereon. We do not think that an estoppel as claimed by appellees is shown by the evidence in this case.

Appellees further contend that the judgment of the trial court should be affirmed on the ground that the acceptance of Mrs. Griffin as a member of class F and the issuance to her of the certificate sued on with knowledge that she was then over 60 years of age constituted a waiver of the provision of said certificate which creates liability against appellant on account of total permanent disability of the holder resulting from accident only in case such accident should be sustained before such holder had attained the age of 60 years. The certificate must, of course, be construed as a whole. It did not provide that it should be void if the holder was over 60 years of age at the time it was issued. It was therefore effective according to its terms and provisions, regardless of the age of the holder at that time. It provided for indemnity in case of the death of the holder from natural causes, double indemnity in event of death from accident, and further indemnity in event of the loss of an eye, hand, or foot from accident. None of these benefits were made dependent on the age of the holder either at the date of the certificate or at the time of the death of or accident to such holder. They constituted valid and enforceable obligations against appellant in favor of appellees. They also constituted a valuable consideration for all the payments re-

quired of the holder by the terms of the certificate. Irrespective of benefits in event of total permanent disability from accident, the certificate issued to Mrs. Griffin was far more favorable to her than a certificate in class D, ordinarily issued to people over 60 years of age, would have been. The indemnity promised therein in case of death from accidental cause was $500 more than in class D. In addition thereto, said certificate provided for double indemnity in case of death from accident, and a further specific benefit in case of the accidental loss of an eye, hand, or foot, none of which provisions were contained in certificates in class D. Notwithstanding these additional benefits, the total annual cost to Mrs. Griffin was much less than the cost of a certificate in class D would have been.

Appellant's secretary testified that the total amount paid to appellant by appellees from the date of the certificate to the time of the trial was $120, and that the total amount which they would have been required to pay on a certificate in class D would have been $175. By the terms of the certificate sued on, which was the only form of certificate issued to members of class F, total permanant disability benefits were payable only in event such certificate had been in force for a period of one year prior to the accident causing the same, and only in event the holder of such certificate was under 60 years of age at the time of the accident. Appellant's secretary testified—and his testimony on this point was not disputed—that members were received in said class at any time before they reached the age of 60 years; that many were received in their fifty-ninth year, and that all members of said class paid assessments when a member thereof became entitled thereto under such provisions, after the certificate holder making such payment attained the age of 60 years, the same as before. In fact, the obligation of the certificate holder to make payment of such assessments is expressed in the face of the certificate as follows:

"Should any member in good standing in this class through accident become totally and permanently disabled *prior to attaining the age of sixty years*, the holder hereof agrees to pay $1.10." (Italics ours.)

No provision was made in such certificates or otherwise for the payment of assessments to provide total disability benefits for any certificate holder, unless he or she sustained the accident resulting in such disability prior to attaining the age of 60 years. All members joining class F on or after attaining the age of 59 years are by the express terms of their respective certificates as effectually precluded from claiming total disability benefits as Mrs. Griffin is, whose certificate was issued when she was approximately 63 years old. All members joining said class during their fifty-eighth year have only a

period corresponding to the remaining months before their fifty-ninth birthday during which indemnity against total permanent disability from accident is available according to the terms of their respective certificates. A member who joins said class one day before he reaches the age of 59 years has, after the expiration of the first year of membership as provided by the terms of the certificate, only one day during which such benefits are available in case of such an accident. Appellees do not attack the validity of the provisions where the party to whom the certificate is issued is under 60 years of age at the time of issuance. As above shown, such benefit could never become available to one joining said class in his fifty-ninth year, and could be available only for a few days or months to one joining in the latter part of his fifty-eighth year.

A reasonable application of appellees' contention would require our holding that appellant waived said age limitation on all members joining said class in their fifty-ninth year, and that it did not waive the same in case a member joined during the latter days of his fifty-eighth year, because of the fact that, after said certificate had been in force one year, a period of a day or a few days remained in which he might in case of accident become entitled to such benefits, and that the possibility of his becoming, during such brief period, entitled to such benefits, constituted the sole consideration for his paying assessments to provide disability benefits for those members of the class who might become entitled thereto during the entire life of his certificate. Many insurance policies provide in their face that, in event certain conditions exist, the entire policy shall be void and no recovery had thereon. It is held in such cases that, if the company issues such policy, knowing, or charged with knowledge, at the time of issuance, that such conditions do in fact exist, the right to forfeit or avoid liability on such policy on that account will be held to have been waived. It is said by one law writer that the law is charitable enough to assume, in the absence of any showing to the contrary, that an insurance company intends to execute a valid contract in return for the premium received; and, when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition and to execute a binding contract, rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without consideration. 14 R. C. L. p. 1166, § 346.

No case of waiver has been cited by appellees which involves the issue here presented. Appellant is not claiming a forfeiture of the certificate. It is admitting its liability thereon according to its tenor and effect. The other provisions thereof are valuable and en-

forceable according to their terms. Such enforceable provisions constitute a consideration for all the assessments and dues paid by appellees and received by appellant, including assessments for disability benefits accruing to members of such class before they attain the age of 60 years. The stipulation in the certificate limiting the right to receive disability benefits is therefore not a forfeiture clause. It does not affect, nor purport to affect, the validity of the contract evidenced by the certificate. It is a contractual provision, limiting the right to claim such benefits to those injured by accident prior to attaining the age of 60 years. Any person 59 years or over receiving such a certificate is informed by the terms thereof that he is ineligible to claim or recover such benefits, notwithstanding he is required by such terms to pay assessments to provide for such benefits to others. We quote on the subject of waiver from M.; K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 314, 319, 108 S. W. 745, 749 (writ refused), as follows:

"A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. A waiver, so called, is the result of an intentional relinquishment of a known right. 29 Am. & Eng. Enc. Law (2d ed.) p. 1091. It has been held that a waiver never occurs unless intended, or where the act relied on ought in equity to estop the party from denying it. The existence of an intent to waive is a question of fact, which may be determined by the language and conduct of the parties. Id., pp. 1095, 1096."

The facts in this case are practically undisputed. We do not think they are sufficient to show an intention on the part of appellant to waive its right to urge the provisions of Mrs. Griffin's certificate as a bar to her recovery herein, notwithstanding her age at the time of the issuance thereof.

Appellees deny that Mrs. Griffin is precluded from a recovery by the terms of the certificate sued on, as contended by appellant. The paragraph of the certificate providing for the payment of disability benefits to members of said class, so far as applicable, is as follows:

"Should any member in this class through accident become totally and permanently disabled * * * prior to attaining the age of sixty years, the Home Benefit Association agrees to pay to the member named herein the sum of one dollar for each member in good standing in this class, said amount not to exceed fifteen hundred dollars; provided, that this certificate shall have been in force for a period of one year."

We have heretofore quoted the provisions of the certificate obligating the holder to pay assessments for disability benefits for those entitled to receive the same. Such assessments are payable only when a member of that class suffers such disability prior to attaining the age of 60 years. Said provisions must be considered in connection with the provisions of the paragraph just quoted, which provides for the payment of disability benefits to certificate holders. They are complementary provisions. When so considered, we think it conclusively appears that the words, "the member named herein," as used in the latter paragraph, were intended to mean, and should be construed to be the equivalent of, "such member," and that the paragraph in question should be construed as though it read:

"Should any member in this class through accident become totally and permanently disabled * * * prior to attaining the age of sixty years, the Home Benefit Association agrees to pay to such member the sum of one dollar for each member in good standing in this class, said amount not to exceed fifteen hundred dollars."

Such construction makes said paragraphs consistent with each other and with all the other provisions of the certificate. Any other construction of the particular paragraph under consideration would be inconsistent with all the other provisions of the certificate.

There being no disputed issues of fact to be determined herein, it becomes our duty, on reversing the judgment appealed from, to here render the judgment that should have been rendered below, which is that appellees take nothing by their suit, and it is so ordered.