## SOVEREIGN CAMP, W. O. W. v. MENDEZ.

### No. 3778.

Court of Civil Appeals of Texas. El Paso.

Dec. 22, 1938.

Rehearing Denied Jan. 12, 1939.

Phil B. Foster, of Del Rio, for appellant.

D. B. Hardeman and R. G. Hughes, both of San Angelo (L. W. Elliott, of Sonora, on the brief), for appellee.

NEALON, Chief Justice.

June 2, 1936, Francisco Mendez made written application to appellant for a certificate of life insurance. June 22, 1936, appellant issued to him its certificate of life insurance in the sum of $1000 payable to Cleofus Mendez, appellee. The certificate also obligated appellant to erect a monument in memory of insured at a cost of not to exceed $100. Insured died March 15, 1937. On or about February 5, 1937, insured received notice from appellant that it had cancelled the certificate of insurance upon the ground that he had been guilty of making "material misrepresentations and breaches of warranty in his application therefor." With this letter appellant enclosed its check for the amount of all premiums received from insured, and notified him that no further payments would be received. He refused to accept the return of the premiums.

This suit was brought by appellee to recover $1100 and interest. The case was tried by the court without the aid of a jury and judgment rendered for appellee for the amount sought. The appeal prosecuted here is from that judgment.

The trial judge filed findings of fact and conclusions of law. Among the fact findings were these: that the local Camp of appellant had authorized the payment of the January, 1937, premium and had actually paid it by making payment to the proper local officer who failed to remit it to appellant's home office because that officer had been notified that the certificate had been cancelled and all premiums collected from insured should be returned to him; that insured was in good health when he applied for the certificate and when it was delivered to him; that he had not suffered a bodily disease or infirmity or consulted and been attended by a physician for a disease within ten years prior to June 2, 1936; that he had not suffered from a disease prior to June 2, 1936.

## Opinion.

■ By appropriate assignments appellant challenges each finding of fact made by the trial court. We would be warranted in setting aside these findings only if it appeared that they had no substantial support in the evidence. This we hold was not the case, except insofar as they relate to the issue of whether or not insured in his application answered truthfully these questions:

"Have you, within the past 10 years suffered any mental or bodily disease or infirmity, or have you within that period of time consulted or been attended by a physician for any disease or injury?

"Have you ever had any disease or injury other than those above mentioned?"

■ If within 10 years prior to June 2, 1936, insured suffered any mental or bodily disease or infirmity or consulted with or was attended by a physician for any disease, the negative answer to the first quoted inquiry constituted such a breach of warranty as justified appellant's cancellation of the certificate, and necessarily defeats appellee's attempt to recover.

It is uncontradicted that Dr. Shelton, a practicing physician, was called to insured's home to render medical assistance on or about May 20, 1936, and found him suffering from what Dr. Shelton diagnosed as an acute attack of appendicitis. The patient refused hospitalization, and the doctor prescribed liquid diets, rest in bed, sedatives and ice packs. Insured's temperature was about 101. Doctor H. W. Weidenmann, an osteopath duly licensed in Texas, testified without contradiction that insured came to him for treatment on May 21, 1936, and complained of pain in the lower part of the back; that his temperature was 100.1 and his pulse 92; that he stated that he had been losing weight and was unable to perform his duties as a ranch worker, and that he had suffered "an attack of influenza in March, 1936." Insured visited him also on May 23, May 25th and May 29th. At that time, from the history of the case received from the patient and from the nature of the symptoms, Dr. Weidenmann suspected that the patient was suffering from Pott's disease. From this uncontradicted evidence it appears that within fifteen days of the time he applied for insurance, insured thought his physical condition sufficiently serious to call for medical aid; and that to both physicians it appeared that he was suffering from a serious bodily ailment. It is true their diagnoses differed, yet each found a serious condition, and each was convinced that the patient was the victim of a serious bodily disease. Do the undisputed facts recited indicate beyond doubt that insured in May 1936 consulted a physician for any disease? If so, appellee, is barred from recovery, for appellant is a fraternal beneficiary association, as pleaded by both parties; the insured warranted the truth of all statements as to "personal history" and the state of his health and agreed that they might constitute the basis and form a part of any benefit certificate that appellant might issue to him. He further stipulated that any untrue statements or answers made in the application or any concealment of facts, intentional or otherwise, should make the certificate void.

In commenting upon the meaning of the word disease in a case involving a breach of warranty by misstatement of past experiences, our Supreme Court, in Mutual Life Insurance Co. v. Simpson, 88 Tex. 333, 31 S.W. 501, 28 L.R.A. 765, 53 Am.St.Rep. 757, said [page 502]: "The word disease may include, and is often used to designate, ailments more or less trivial. Medical science, as expounded by its experts, has not definitely determined all of the physical ailments which indicate a vice in the constitution, or have a direct tendency to shorten life." In Sovereign Camp of Woodmen of the World v. Newberry, 87 S.W.2d 839, writ dismissed, the Texarkana Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the insurer when it appeared that the latter failed to disclose "that shortly after September 9, 1923, the deceased spent about three days in Dallas, Tex., during which time he was under the observation of Dr. Hill of Samuells Clinic, who found the deceased was suffering from gastritis; that early in 1928 the deceased was confined in a hospital at Paris, Tex., for about eight days, suffering from a head injury; and that within the five-year period immediately preceding his application for insurance he had had at least two fainting spells." [page 842.]

■■ That the applicant may have acted in good faith in making his answers and may have believed his illness too mild to require mention matters not. Supreme Lodge, etc., v. Payne, 101 Tex. 449, 108 S.W. 1160, 15 L.R.A.,N.S., 1277. The insurer was entitled to know about

988

the consultations that it might make inquiry of the physicians who attended the applicant as to the seriousness of the applicant's complaints and thus be prepared to protect from extra hazardous risks the funds accumulated by its members. Gonzalez v. Alianza Hispano-Americana, Tex. Civ.App., 112 S.W.2d 802; Supreme Forest, Woodmen Circle v. Hare, Tex.Civ.App., 105 S.W.2d 414; Modern Order of Praetorians v. Hollmig, Tex.Civ.App., 105 S.W. 846; Security Benefit Ass'n v. Hibler, Tex. Civ.App., 107 S.W.2d 470.

It is not necessary that the misrepresentation be material to the risk when a certificate of fraternal insurance is involved. Leonard v. Woman's Ben. Ass'n, Tex.Civ.App., 114 S.W.2d 1215, and cases therein cited. .

In view of the undisputed evidence herein quoted showing a misrepresentation as to consulting physicians, and in view of the terms of the policy hereinbefore stated, we think it our duty under the law as declared in the cases cited, as well as in many other cases, to hold that there was a breach of warranty which authorized appellant to withdraw from its contract, as it did, upon the tender to insured of all premiums or assessments that he had paid.

It appears that the case has been fully developed. The judgment of the trial court is reversed and judgment here rendered in favor of appellant.

Reversed and rendered.