HARTLEY v. CALIF. WESTERN STATES LIFE INSURANCE CO.

5-1907                                          327 S. W. 2d 556

Opinion delivered September 28, 1959.

*Van Johnson, Boyd Tackett* and *Howard Waldrop,* for appellant.

*Thomas S. Arnold,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellants, Dr. Hartley and his wife, for the reinstatement of a life insurance policy and for the recovery of hospital benefits under a sickness and accident policy. As the parties were in agreement about the material facts the complaint was so drawn as to permit all issues to be raised by demurrer. The chancellor sustained the defendant's demurrer, on the ground that the admitted facts do not give rise to any cause of action, and' this appeal is from the order dismissing the complaint.

Dr. Hartley was insured under two companion group policies taken out by his employer, an optical company in Dallas, Texas. The life insurance policy, which we will consider first, provided a principal death benefit of $5,000 and certain medical benefits that need not be detailed. The contract also provided that if an employee, "while insured and while under age sixty, becomes totally disabled from bodily injury or disease," that employee's insurance would be continued in force without the further payment of premiums. Dr. Hart-

ley was nearly sixty-one years old when the policy was issued, and he became totally disabled a year and a half later, at the age of sixty-two. When he became disabled Dr. Hartley stopped paying the monthly premium on his certificate, and two months later the optical company discontinued the master policy. Dr. Hartley now contends that he is entitled to have his certificate reinstated and continued in force without the payment of premiums, on the theory that the appellee, by accepting his application after he was past sixty, waived the provision that disability must occur while the insured is under the age of sixty.

This contention is without merit. In Texas, whose law is conceded to be controlling, an insurer does not waive the age limitation upon disability benefits by issuing a policy to one already past that age if the contract contains other benefits forming a consideration for the payment of premiums. *Home Benefit Ass'n* v. *Griffin,* Tex. Civ. App., 10 S. W. 2d 568; and see Appleman on Insurance, § 9448. The appellee's promise to pay the principal sum of $5,000 upon the death of the insured was a sufficient consideration for the premiums received. The decision in *Pan American Life Ins. Co.* v. *Garrett,* Tex. Civ. App., 199 S. W. 2d 819, relied on by the appellants, is clearly distinguishable. There a group policy provided that the coverage would terminate upon the employee's leaving the employment of the company to which the policy was issued. The court held that the insurer could not take advantage of this provision after accepting premiums with knowledge that the employees were working for a new employer. It would evidently be inconsistent for the insurance company to accept premiums on the theory that the policy was in force and then to avoid liability on the theory that the contract had terminated for a reason the insurer knew about when it received the premiums. There is no similar inconsistency in the case at bar. The appellee does not say that the entire policy was ineffective as to Dr. Hartley when it was originally issued; it merely says that by the express language of

the contract Dr. Hartley was not entitled to a waiver of premiums for a disability arising after he was past the age of sixty. It should perhaps be added that the contract did not specify a separate or additional consideration for the insertion of the waiver-of-premium clause, as this provision was not an option that could be accepted or rejected by the various employees of the optical company.

The appellants have abstracted the record with reference to that part of the complaint relating to the sickness and accident policy, but in their brief they present no argument upon this issue. In view of the facts admitted by the demurrer we perceive no basis upon which the appellants are entitled to recover hospital expenses incurred some sixteen months after Dr. Hartley's certificate had lapsed for nonpayment of premiums.

Affirmed.