## DIXIE SERVICE CO. v. LEAVERTON,
### Judge, et al.
### No. 4794.

Court of Civil Appeals of Texas. Texarkana.

Sept. 29, 1934.

Rehearing Denied Oct. 4, 1934.

Lee, Porter & Latham, of Longview, and Thompson, Knight, Baker & Harris, of Dallas, for relator.

M. M. Williams, of Longview, for respondents.

JOHNSON, Chief Justice.

The Shreveport Long Leaf Lumber Company, Incorporated, sued the Dixie Service Company, a corporation, in the justice court of Gregg county to recover damages for injuries to its automobile, sustained in a collision with a truck belonging to defendant. Plaintiff based its suit upon alleged negligence of the driver of defendant's truck. Defendant filed a cross-action seeking to recover $153 against plaintiff for alleged injuries to its truck. Trial in the justice court resulted in judgment for plaintiff for $100, from which defendant appealed to the county court. In the county court defendant amended its cross-action and sought to recover $203 damages against plaintiff. Plaintiff excepted to defendant's cross-action because the amount, $203, which it sought to recover, was in excess of the appellate jurisdiction of the county court. The exception was overruled. Trial in the county court was had to a jury, and in answer to special issues submitted the jury exonerated the defendant of the negligence alleged against it by plaintiff; and the jury found that the plaintiff was guilty of contributory negligence. The verdict of the jury was duly returned into court, accepted, and filed. Plaintiff filed its motion and amended motion in arrest of judgment, and to set aside the verdict of the jury and for a new trial, which was by the court overruled. Defendant filed its motion, in which it waived any and all rights or claims, if any it had, by reason of its alleged cross-action, and prayed the court to enter judgment upon the verdict of the jury that plaintiff take nothing by reason of its suit, and that defendant recover its costs. Which motion was also by the court overruled, because he was of the opinion that there was irreconcilable conflict in the answers of the jury to the special issues submitted; and because of such opinion the court of his own motion ordered a new trial.

Whereupon the defendant, Dixie Service Company, relator here, filed this original proceeding for mandamus, under R. S. art. 1824, as amended by 41st Leg. p. 68, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1824), to compel the Honorable H. A. Leaverton, judge of said court, to proceed to judgment in accordance with the findings of the jury; relator contending that the findings of the jury are not in irreconcilable conflict, and that the apparent conflict is not with respect to facts on which defendant's right to judgment is dependent.

Conflict is claimed in the findings of the jury in answer to special issues Nos. 13, 14, and 15, all of which issues are with respect to alleged acts of contributory negligence charged against plaintiff. Plaintiff's right to recover was dependent upon it proving defendant guilty of negligence; and the jury's failure to so find defeated plaintiff's lawsuit, after which the issues of contributory negligence on the part of the plaintiff became immaterial. Defendant's cross-action for $203 was in excess of the appellate jurisdiction of the county court, and may not be considered for any purpose. Constitution, art. 5, § 19; R. S. art. 1952; Brigman v. Aultman, Miller & Co. (Tex. Civ. App.) 55 S. W. 509; Thorp v. Cook (Tex. Civ. App.) 239 S. W. 1118. Under this state of the record, the only proper judgment that could be rendered is that plaintiff take nothing by its suit, and that defendant recover its costs. Under such circumstances the trial judge's duty to enter the judgment is held to be ministerial. Since there is no appeal from his order declaring a new trial, it is held that defendant is entitled to the remedy of mandamus. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S. W. 296;

Stewart v. Bush (Tex. Civ. App.) 53 S.W.(2d) 842.

Therefore it will be ordered that the writ of mandamus issue as prayed for, commanding the Honorable H. A. Leaverton, county judge of Gregg county, Tex., to enter now as of the date May 22, 1934, judgment in said cause, that plaintiff, Shreveport Long Leaf Lumber Company, Incorporated, take nothing by reason of its said suit against defendant, Dixie Service Company, and that all costs of the county court and of the justice of the peace court be taxed against said plaintiff. And it will be further ordered that the respondent, Shreveport Long Leaf Lumber Company, Incorporated, pay the costs of this proceeding.