DALLAS RAILWAY & TERMINAL COMPANY V. HONORABLE ROYALL
R. WATKINS, DISTRICT JUDGE, ET AL.

Motion No. 12,142.   Decided October 23, 1935.
(86 S. W., 2d Series, 1081.)

*Worsham, Rollins, Burford, Ryburn & Hincks,* and *Autry
Norton,* all of Dallas, for relator.

MR. JUDGE HICKMAN delivered the opinion for the court.

Relator by its motion seeks leave of this Court to file a
petition for a writ of mandamus requiring and commanding
Honorable Royall R. Watkins, as District Judge of the 95th
Judicial District of Dallas County, to enter judgment for the
defendant in Cause No. 100457-A/D, pending in that court,
wherein B. H. Duncan and wife, Ina Mae Duncan, are plain-
tiffs, and relator is defendant.

It is made to appear that Judge Watkins refused to enter
judgment on the verdict of the jury and declared a mistrial for
the sole and only reason that the answers of the jury to the
special issues are in irreconcilable conflict and will not support

a judgment for defendant. The claim of relator is that the answers are in no wise conflicting, and that it entitled to judgment on the verdict.

■ This Court has the jurisdiction to issue a writ of mandamus to compel a district judge to proceed to judgment in a cause. R. S., 1925, Art. 1734. Gulf C. & S. F. Ry. Co. v. Canty, 115 Texas, 537, 285 S. W., 296; Cortimeglia v. Davis, 116 Texas, 412, 292 S. W., 875. It is equally certain that courts of civil appeals have the power to issue such writs. R. S., 1925, Art. 1824. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; Allen v. Strode, 62 S. W. (2d) 289.

There is no showing made that relator has applied to the Court of Civil Appeals for the relief which it seeks here. Owing to the great volume of business coming before this Court, it is manifest that our judicial system can operate more efficiently if litigants are required to present applications of this nature to the Court of Civil Appeals in the first instance.

The language of our Chief Justice in Houtchens v. Mercer, 119 Texas, 244, 27 S. W. (2d) 795, may appropriately be reproduced here:

"Since we have concluded that the Court of Civil Appeals has the power to issue the writ of mandamus, and such other writs ancillary thereto as may be necessary to protect the relator in every right he has under the law, it is the rule that we should ordinarily decline to take jurisdiction under our original power to issue the writ of mandamus until the relator has applied to the Court of Civil Appeals for such relief, if any, to which he may be entitled.

\* \* \* \* \* \* \*

"We have examined the petition for mandamus in this case, and the accompanying exhibits, and we see no reason why the relief, if any, to which the relator is entitled, may not be had as expeditiously and as effectively in the Court of Civil Appeals as in this court. We must, accordingly, decline to take jurisdiction of the application for mandamus. The motion for leave to file is overruled, without prejudice, however, to the relator's right to apply to the Court of Civil Appeals for such relief, if any, to which he may be entitled; and also without prejudice to his right, when he brings himself within the rule, to again apply to this court for such relief, if any, to which he may then be entitled, and which may have been denied him."

■ Should the Court of Civil Appeals decline to issue the writ,

no appeal will lie from that decision to this Court. This for the reason that the Supreme Court cannot exercise appellate jurisdiction over original actions in courts of civil appeals. City of Houston v. City of Palestine, 114 Texas, 306, 267 S. W., 663; Long v. Martin, 115 Texas, 519, 285 S. W. 1075. But, in an original action filed in this Court after the Court of Civil Appeals has declined to issue the writ, this Court has the power to issue it, if in its judgment relator is entitled thereto. Houtchens v. Mercer, 119 Texas, 431, 29 S. W. (2d) 1031, 69 A. L. R., 1103.

■ We have heretofore in several instances taken jurisdiction of similar actions, but on account of the great increase in the volume of litigation coming before this Court, we have concluded to adopt the policy of requiring that relief of this nature be sought first in the Court of Civil Appeals.

The motion for leave to file the petition for mandamus is denied without prejudice to the relator's right to proceed as outlined in the Houtchens case, supra.

Opinion adopted by Supreme Court October 23, 1935.