## W. T. RAWLEIGH CO. v. SIMS, County Judge, et al.

### No. 4872.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1937.

J. W. Thomas, of Belton, for relator.

R. L. Graves, of Brownfield, for respondents.

JACKSON, Chief Justice.

The relator, the W. T. Rawleigh Company, a private corporation, made application to this court to obtain a writ of mandamus against the respondents, the Honorable R. A. Sims, county judge of Terry county, and the interested parties, to require said judge to enter judgment in favor of relator in cause No. 618 pending in said county court.

The record discloses that cause No. 618, W. T. Rawleigh Company v. J. O. Wauson et al., was tried at a regular term of the county court of Terry county; that relator herein, as plaintiff in said cause, sued J. O. Wauson, T. B. Montgomery, and J. A. Parks as defendants, for the principal sum of $595.70, evidenced by a note dated March 18, 1933, and bearing interest at the rate of 6 per cent. per annum from date. The allegations in plaintiff's petition were sufficient to authorize recovery against the defendants on the note.

The defendants answered that during the years 1931 and 1932, J. O. Wauson was the agent of plaintiff in Terry county and was requested to sell its products on a credit; that in compliance therewith, he did sell goods on credit to the amount of the note sued on, and because of the depression, he was unable to collect for such goods; that the plaintiff then sent an agent to J. O. Wauson, who told him if he would give security for the unpaid balance, that the plaintiff would renew their contract, supply him with goods until such collections had been made; that relying on these representations, the note sued on was executed by himself as principal, and his codefendants as sureties; that in violation of these representations, the plaintiff took what goods, wares, and merchandise he had on hand, but failed to credit him therewith, which, if given, would have payed the note; that the representations of said agent were false

and known to be so at the time they were made, and made for the purpose of deceiving defendants and obtaining their said note, and by reason thereof, the note is without consideration and void.

In response to special issues submitted, the jury found in substance that the amount of the note sued on was $595.70; that the defendants were entitled to a credit thereon of $7.96; that at the time of the execution of the note in question, the agents of the W. T. Rawleigh Company did not represent to the defendants that if they would execute the note in question, that Wauson could maintain his agency and collect up the outstanding indebtedness and credit same on said note and they would keep supplying him with goods until said note was paid.

On these findings relator insists that it was entitled to a judgment, since the issues answered disposed of all the defenses urged by the defendants.

The respondents claimed that inasmuch as the jury failed to answer one of the special issues submitted, the court correctly refused relator a judgment and declared a mistrial.

Issue No. 3, the only one not answered by the jury, was: "Do you find from a preponderance of the evidence that during the years 1930, 1931 and 1932 the defendant was the agent of The W. T. Rawleigh Company?"

The Honorable R. A. Sims, county judge, in a reply to relator's application for mandamus, says in effect that since the jury failed and refused to answer said special issue, he overruled the motion of the plaintiff for a judgment non obstante veredicto, declared a mistrial of the cause, and it now stands on the docket subject to trial at the next term of court.

■ We think it manifest that the issues answered by the jury authorized a judgment for relator. It is obvious that issue No. 3 was immaterial, because whether J. O. Wauson was or was not the agent of W. T. Rawleigh would not alone affect the liability of the defendants, who had signed the note.

■ This court is entitled, on a proper showing, to issue the writ of mandamus to compel the judge of the county court to proceed to judgment. Article 1824, R.C.S. (as amended by Acts 1929, c. 33, § 1 [Vernon's Ann.Civ.St. art. 1824]).

There is no provision for an appeal from an order of the court declaring a mistrial

and the relator is entitled to resort to the remedy of mandamus. Gulf, C. & S. F. Ry. Co. v. Canty, District Judge, et al. (Tex. Com.App.) 285 S.W. 296; Dixie Service Co. v. Leaverton, Judge, et al. (Tex.Civ. App.) 76 S.W.(2d) 530; Dallas Railway & Terminal Co. v. Watkins et al., 126 Tex. 116, 86 S.W.(2d) 1081; Miller v. Stine, Judge et al. (Tex.Civ.App.) 99 S.W.(2d) 397.

All the defendants in cause No. 618 are parties to this proceeding and the writ of mandamus as applied for is hereby granted and judgment here rendered vacating the decree of the honorable county court overruling the plaintiff's motion for judgment and declaring a mistrial, and the Honorable R. A. Sims, county judge of Terry county, is hereby directed to enter judgment for relator, in compliance with his motion therefor, filed in said court on May 18, 1937. This order is without prejudice to any rights the defendants' may have after the entry of the judgment by the county court as herein directed.