## WOODMEN OF THE WORLD LIFE INS. CO. v. DAVENPORT et al.

### No. 2233.

Court of Civil Appeals of Texas. Eastland.

June 20, 1941.

914

Turner, Seaberry & Springer, of Eastland, for relator.

T. M. Collie, Frank Sparks, and Grisham & Grisham, all of Eastland, for respondents.

CHILDERS, Special Chief Justice.

Relator seeks the issuance of a writ of mandamus against Hon. George L. Davenport, Judge of the 91st District Court of Eastland County, Texas, and Agnes D. Dickson, a widow, as respondents, ordering and directing Hon. George L. Davenport to enter a judgment for relator upon a verdict rendered in said court in Cause No. 17,019, styled Mrs. Agnes D. Dickson v. Sovereign Camp, Woodmen of the World. Sovereign Camp, Woodmen of the World, has changed its name to Woodmen of the World Life Insurance Society. In said suit Mrs. Agnes D. Dickson sought to recover from relator on a $1,000 fraternal benefit certificate issued by relator, without medical examination, to Veo Lee Roy Dickson,

her husband, wherein she was named the beneficiary. The parties will be hereafter referred to as they appeared in the trial court.

This case was before this court on a former appeal, and is reported in W. O. W. Life Ins. Soc. v. Dickson, 133 S.W.2d 243, opinion by Special Justice Ponder. We have been requested to consider the briefs filed by the parties upon the former appeal. The defendant has filed in this court a transcript, and three original exhibits, being a copy of the constitution and by-laws of defendant company, and photostatic copies of the original application executed by Veo Lee Roy Dickson, and the certificate sued upon. No statement of facts has been filed.

The application signed by Veo Lee Roy Dickson contained the following question (Number 8): "Have you within the past five years consulted or been attended by a physician for any disease or injury or undergone any surgical operation?" Applicant answered this question "No."

Said application contained the following provisions:

"For the purpose of securing the beneficiary certificate herein applied for, I hereby warrant that I have not been sick, except as stated herein; * * *"

"I hereby certify, agree and warrant that all the statements, representations and answers in this application are full, complete and true, * * * and I agree that any untrue statements or answers made by me in this application * * * shall make my beneficiary certificate void."

The application and all the provisions of the constitution and by-laws of the Association constitute the basis for and form a part of the beneficiary certificate issued by defendant to Dickson, and he agreed and consented to same when he executed the application.

The beneficiary certificate provides the following: "This certificate is issued in consideration of the representations, warranties and agreements made by the person named herein in his application to become a member, * * *"

This case was submitted to the jury on special issues. The special issues and the answers of the jury are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that Veo L. R. Dickson was not in 'good health', as

that term has been hereinbefore defined for you, at anytime from November 29, 1935, to January 4, 1936, both dates inclusive?

"You will answer, 'He was in good health' or 'He was not in good health', as you find from the preponderance of the evidence.

"Answer: ———.

"Special Issue No. 2: Do you find from a preponderance of the evidence that Veo L. R. Dickson was not of 'sound bodily health', as that term has been hereinbefore defined for you, at any time from November 29, 1935, to January 4, 1936, both dates inclusive?

"You will answer 'He was of sound bodily health', or 'He was not of sound bodily health', as you find from the preponderance of the evidence.

"Answer: ———

"Special Issue No. 3: Do you find from the preponderance of the evidence that Veo L. R. Dickson had tuberculosis at anytime within ten (10) years next preceding January 4, 1936? You will answer 'Yes' or 'No.'

"Answer: ———

"Special Issue No. 4: If you have answered the next preceding special issue 'yes' then answer this question:

"Do you find from a preponderance of the evidence that such tuberculosis, if any he had, tended to shorten the life of the said Veo L. R. Dickson?

"Answer: ———

"Special Issue No. 5: Do you find from a preponderance of the evidence that Veo L. R. Dickson had nephritis at anytime within ten (10) years next preceding January 4, 1936? You will answer 'Yes' or 'No.'

"Answer: No.

"Special Issue No. 6: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that such nephritis, if any he had, tended to shorten the life of the said Veo L. R. Dickson?

"Answer:———

"Special Issue No. 7: Do you find from a preponderance of the evidence that Veo L. R. Dickson had Bright's Disease at any time within the ten (10) years next preceding January 4, 1936? You will answer 'Yes' or 'No.'

"Answer: No.

"Special Issue No. 8: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that such Bright's Disease, if any he had, tended to shorten the life of the said Veo L. R. Dickson?

"Answer:———

"Special Issue No. 9: Do you find from a preponderance of the evidence that Veo L. R. Dickson had heart trouble at anytime within ten (10) years next preceding January 4, 1936? You will answer 'Yes' or 'No.'

"Answer:———

"Special Issue No. 10: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that such heart trouble, if any he had, tended to shorten the life of the said Veo L. R. Dickson?

"Answer:———

"Special Issue No. 11: Do you find from a preponderance of the evidence that Veo L. R. Dickson had endocarditis at any time within the ten (10) years next preceding January 4, 1936? You will answer 'Yes' or 'No.'

"Answer:———

"Special Issue No. 12: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that such endocarditis, if any he had, tended to shorten the life of the said Veo L. R. Dickson?

"Answer:———

"Special Issue No. 13: Do you find from a preponderance of the evidence that a change of climate was advised for the benefit of the health of the said Veo L. R. Dickson before November 29, 1935? You will answer 'Yes' or 'No.'

"Answer:———

"Special Issue No. 14: Do you find from a preponderance of the evidence that the physical weight of the said Veo L. R. Dickson decreased materially within the two (2) years next preceding November 29, 1935? You will answer 'Yes' or 'No.'

"Answer: No.

"Special Issue No. 15: Do you find from a preponderance of the evidence that within the five (5) years next preceding

November 29, 1935, Veo L. R. Dickson consulted a physician for tuberculosis? You will answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 16: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that such consultation, if any, was for the purpose of ascertaining the physical fitness of Veo L. R. Dickson for employment as a bus driver? Answer 'Yes' or 'No' as you find the facts to be.

"Answer: Yes.

"Special Issue No. 17: Do you find from a preponderance of the evidence that within five (5) years next preceding November 29, 1935, Veo L. R. Dickson was attended by a physician for tuberculosis? You will answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 18: If you have answered the next preceding special issue 'Yes' then answer this question:

"Do you find from a preponderance of the evidence that the said Veo L. R. Dickson was so attended by a physician for the purpose of determining his physical fitness for employment as a bus driver? Answer 'Yes' or 'No' as you find the facts to be.

"Answer:——

"Special Issue No. 19: Do you find from a preponderance of the evidence that after the application of said Dickson was made and delivered to the defendant that the defendant made an independent investigation of and concerning the matter contained in said application? Answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 20: If you have answered Special Issue No. 19 in the affirmative, then answer:

"Do you find from a preponderance of the evidence that defendant relied solely on such independent investigation as it caused to be made, if any, in issuing the insurance policy to defendant? Answer 'Yes' or 'No.'

"Answer:——

"Special Issue No. 21: Do you find from a preponderance of the evidence that on or about January 29, 1934, the deceased, Veo Lee Roy Dickson, underwent a surgical operation for tonsilitis by Dr. George T. Blackwell at Gorman, Texas? Answer 'Yes' or 'No' as you find the facts to be.

"Answer: Yes.

"Special Issue No. 22: If you have answered the next preceding issue 'Yes', then answer the following special issue:

"Do you find from a preponderance of the evidence that such operation inquired about in the above interrogatory, if any was performed, tended to shorten the life of the said Veo Lee Roy Dickson? Answer 'Yes' or 'No.'

"Answer: No."

We are of the opinion that there are no conflicts in the jury findings, even if we should consider all of plaintiff's special issues not answered by the jury as answered in her favor.

■ In due time the defendant filed its motion requesting the trial court to enter a judgment in favor of the defendant that the plaintiff take nothing by her suit, said judgment to be based upon the verdict of the jury in response to special issues submitted. The plaintiff did not file a motion for new trial or mistrial. The court entered its order as follows: " * * It is, therefore, considered, ordered, adjudged and decreed by the court that said motion of defendant for judgment upon said verdict be, and the same is hereby in all things overruled, and said court orders a mistrial herein and that no judgment be entered in favor of either party * * *."

It does not appear from the order of the trial judge upon what ground the mistrial was declared. In the absence of any motion for new trial or mistrial by either party, the discretionary power of the court was not invoked. Therefore, the rendition and entry of a judgment for defendant upon the jury findings became a ministerial duty, rather than a matter of discretion in the trial judge, and mandamus will lie to enforce the defendant's rights. Speer's Special Issues, 431 et seq.; 41 Tex.Jur. pp. 1234, 1244, §§ 367, 376; 25 Tex.Jur. p. 484, § 104; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875; Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S.W. 415; Swann v. Wheeler, 126 Tex. 167, 86 S.W.2d 735, 737; Southland-Greyhound Lines v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Carwile v. William Cameron & Co., 102 Tex. 171, 114 S.W. 100; Townsend v. Young, Tex.Civ. App., 114 S.W.2d 296; Miller v. Stine, Tex.Civ.App., 99 S.W.2d 397; Dixie Service Co. v. Leaverton, Tex.Civ.App., 76 S.

W.2d 530; Missouri-Kansas-Texas Ry. Co. v. Cheek, Tex.Civ.App., 18 S.W.2d 804; W. T. Rawleigh Co. v. Sims, Tex.Civ.App., 108 S.W.2d 332; Allen v. Strode, Tex.Civ. App., 62 S.W.2d 289; Dallas Ry. & Terminal Co. v. Watkins, Tex.Civ.App., 89 S.W.2d 420; Keith Co. v. Minor, Tex.Civ. App., 103 S.W.2d 241; Perez v. Houston & T. C. Ry. Co., Tex.Civ.App., 5 S.W.2d 782.

We are, therefore, relegated to the following questions:

(a) Do the findings of the jury in response to special issues numbers 17 and 21 entitle defendant to a judgment as requested in its motion?

(b) In the event the above special issues and the jury's answers thereto entitle defendant to a judgment as requested in its motion, then would an affirmative answer to special issue number 20 constitute estoppel against defendant?

In answer to special issue number 17, the jury found that Dickson was attended by a physician for tuberculosis within five years next preceding November 29, 1935. In answer to special issue number 21, the jury found that Dickson underwent a surgical operation for tonsilitis on or about January 29, 1934.

The representations made by deceased, Veo Lee Roy Dickson, in his application were undoubtedly untrue, and were of the most material nature, if it were necessary for them to be material to invalidate the certificate, which it is not, and a judgment should have been entered by the trial court on the jury finding. Sovereign Camp, Woodmen of the World, v. Harmon, Tex. Civ.App. 246 S.W. 704, 705: "The representations made by deceased, William K. Harmon, in his application, were undoubtedly untrue and were of the most material nature, if it were necessary for them to be material to invalidate the policy, which it is not, and a verdict should have been instructed for appellant. Modern Order of Praetorians v. Davidson, Tex.Civ.App., 203 S.W. 379; Sovereign Camp, W.O.W., v. Treanor, Tex.Civ.App., 217 S.W. 204; Modern Woodmen v. Atcheson, Tex.Civ. App., 219 S.W. 537."

The defendant was entitled to know that applicant was attended by a physician for tuberculosis within five years, next preceding November 29, 1935, and was entitled to know that applicant underwent a surgical operation for tonsilitis or on about January 29, 1934. Applicant's answer to question number 8 in his application was false, and as a matter of law voids the certificate. Quoting from Sovereign Camp, W.O.W., v. Mendez, Tex.Civ.App., 123 S.W.2d 985, 987:

"That the applicant may have acted in good faith in making his answers and may have believed his illness too mild to require mention matters not. Supreme Lodge, etc., v. Payne, 101 Tex. 449, 108 S.W. 1160, 15 L.R.A.,N.S., 1277. The insurer was entitled to know about the consultations that it might make inquiry of the physicians who attended the applicant as to the seriousness of the applicant's complaints and thus be prepared to protect from extra hazardous risks the funds accumulated by its members. Gonzalez v. Alianza Hispano-Americana, Tex.Civ.App., 112 S.W.2d 802; Supreme Forest, Woodmen Circle, v. Hare, Tex.Civ.App., 105 S.W.2d 414; Modern Order of Praetorians v. Hollmig, Tex.Civ. App., 105 S.W. 846; Security Benefit Ass'n v. Hibler, Tex.Civ.App., 107 S.W.2d 470.

"It is not necessary that the misrepresentation be material to the risk when a certificate of fraternal insurance is involved. Leonard v. Woman's Ben. Ass'n, Tex.Civ.App., 114 S.W.2d 1215, and cases therein cited."

Plaintiff filed a supplemental petition in the trial court alleging, in substance, that defendant made a complete independent investigation of its own as to the health of Dickson, and as to the truth or veracity of applicant's answers contained in his application, and did not accept applicant's statements relative thereto, but depended and relied upon its own independent investigation, and with full knowledge, it issued to the said Dickson said certificate and accepted his money, and is now estopped to assert its rights to void said certificate.

We do not have a statement of facts before us, and do not know what proof plaintiff offered in the trial court in support of her plea of estoppel. The jury found in answering special issue number 19 that the defendant made an independent investigation of and concerning the matter contained in said application. For the purpose of this opinion, we will presume that the jury might have found in answer to special issue number 20 that the defendant relied solely on such independent investigation as it caused to be

918

made in issuing the benefit certificate to Dickson.

Section 82a of the constitution of defendant provides: "No officer, employee or agent of the Sovereign Camp, or of any Camp, has the power, right or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary or waive any of the provisions of this Constitution or these Laws, nor shall any custom on the part of any Camp or any number of Camps—with or without the knowledge of any officer of the Association—have the effect of so changing, modifying, waiving or foregoing such laws or requirements. Each and every beneficiary certificate is issued only upon the conditions stated in and subject to the Constitution and Laws, then in force or thereafter enacted, nor shall the knowledge or act of any officer or employee of this Association constitute a waiver of the provisions of these laws by the Association or an estoppel of this Association."

Plaintiff did not allege that defendant found from its investigation that Dickson was attended by a physician for tuberculosis within five years next preceding November 29, 1935, and neither did she allege that defendant found from its investigation that Dickson underwent a surgical operation for tonsilitis on or about January 29, 1934. The jury did not find, in answering the special issues submitted, that defendant found by its independent investigation that Dickson was attended by a physician for tuberculosis within five years next preceding November 29, 1935, and that he underwent a surgical operation for tonsilitis on or about January 29, 1934.

Unless the defendant waived or is estopped to claim the advantage of the provisions of the application relied upon to defeat recovery, there can be no question but what the misrepresentations made by the applicant in the application for the certificate sued upon are material and as a matter of law void the certificate. The notice or knowledge which waives, in legal contemplation, must be of the falsity as to the identical facts represented to be true. It was incumbent upon plaintiff in the trial court to prove that the defend-

ant found by its independent investigation that the applicant had been attended by a physician for tuberculosis within five years next preceding the date of the application, and that the applicant underwent a surgical operation for tonsilitis on or about January 29, 1934. As said by Judge Speer of the Commission of Appeals of Texas in the case of Dossett v. Franklin Life Insurance Company, 276 S. W. 1097, 1099,

"To effect a cure the antidote of knowledge must be identical with the poison of misrepresentation. * * *

" 'If the insurance company is aware of the fact that the answers made by the applicant for insurance are false, it cannot, if it issues the policy and accepts the premiums, plead the falsity of said statements as a defense or bar to recovery.' "

The falsity of the statements made by Dickson in his application avoids the benefit certificate, unless defendant found by its investigation, and at the time it issued the certificate knew, those identical statements were untrue. In order that defendant may be held to have waived or be estopped to assert a right of forfeiture it must have had knowledge of the identical facts.

■ "The notice or knowledge which waives, in legal contemplation, must be of the falsity as to the identical fact represented to be true. This notice or knowledge must be as broad, as comprehensive, as extensive, as the representation. This means that the knowledge of falsity must extend to so much of the representation as is material. Both the knowledge and the representation must pertain to the same material fact." 24 Tex.Jur. Insurance, § 171, p. 914.

■ The findings of the jury in answer to the special issues numbers 19 and 20 are insufficient to show waiver or estoppel.

The writ of mandamus will issue in accordance with the prayer of relator's petition.

CHILDERS, Special Chief Justice, and PEARSON, Special Associate Justice, sitting in the place of LESLIE, C. J., and FUNDERBURK, J., disqualified and not sitting.