**6**

**STATE of Texas ex rel. George DISHMAN
et al.**

**v.**

**Charles H. MEYER.**

No. 6587.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 21, 1963.

Rehearing Denied May 22, 1963.

W. G. Walley, W. C. Lindsey, Dist. Atty., Beaumont, for appellants.

Adams & Browne, Beaumont, for appellee.

STEPHENSON, Justice.

This action was brought in the name of the State of Texas and others to remove

Charlie H. Meyer from the office of sheriff of Jefferson County, Texas. This suit was filed in the 60th Judicial District Court in Jefferson County. May 22, 1962, an application for a non-suit was granted. May 31, 1962, a similar removal suit was filed in the 136th Judicial District Court in Jefferson County, and an order entered of temporary removal of Charlie H. Meyer and appointment of Richard E. Culbertson as Acting Sheriff. On the same date Charlie H. Meyer filed a petition to reinstate the removal suit in the 60th Judicial District Court and a petition for an injunction to restrain Richard E. Culbertson from acting as sheriff. May 31, 1962, the Judge of the 60th Judicial District Court signed an order restraining Richard E. Culbertson from acting as sheriff and setting a hearing on a temporary injunction for June 1, 1962. On June 1, 1962 an order was entered by the presiding judge of the 60th Judicial District Court continuing the restraining order in effect and resetting the date for hearing for June 6, 1962. On June 6, 1962 an order was entered in the 60th Judicial District Court reinstating the removal suit, enjoining Richard E. Culbertson from acting as sheriff, and restraining the District Attorney and W. G. Walley from taking any further action in the case pending in the 136th Judicial District Court. Notice of appeal to the Court of Civil Appeals was given in the 60th Judicial District Court June 12, 1962, and cost bond was filed June 19, 1962. June 13, 1962 a transcript of this record was ordered. This transcript was filed in the District Clerk's office June 22, 1962, and in this Court of Civil Appeals July 6, 1962. The statement of facts is dated June 25, 1962 and was filed in this Court of Civil Appeals June 25, 1962. June 20, 1962 leave was granted by the Supreme Court of Texas permitting the State of Texas to file an original petition for mandamus and prohibition, and on July 2, 1962 a mandamus was issued and opinion rendered. The Judge of the 60th Judicial District Court was ordered to expunge the order of June 6, 1962 from the docket of such court, holding the same to be null and void. State ex rel. Dishman v. Gary, Tex., 359 S.W. 2d 456.

■ The opinion of the Supreme Court determined all of the issues pending before this Court of Civil Appeals and this case thereby became moot. We recognize the general rule to be that an appellate court will not ordinarily decide abstract and moot questions merely to determine the question of liability for costs. We are not assuming jurisdiction of this case in order to decide which party is right, so that the costs may be taxed. The merits of this case were determined by the Supreme Court in the mandamus proceeding. The rule has long been established that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed. It is so ordered. Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725.

■ The only question left to be determined, is the assessment of the costs. By following the rule of Guajardo v. Alamo Lumber Company, supra, of setting aside all previous orders and dismissing the case, the appellants are the successful parties to this appeal. Appellee contends first that it was the acts of the appellants which caused this case to become moot and therefore the costs should be taxed against appellants. This statement is not entirely accurate. It is true the appellants filed their petition for mandamus and prohibition in the Supreme Court, but this action did not render the appeal to the Court of Civil Appeals moot. It was the action of the Supreme Court in granting such petition which rendered this present case moot. Appellee also contends appellants proceeded with this appeal after filing their petition for mandamus in the Supreme Court and should therefore be required to pay the costs. The rule is that if an appeal is unnecessary for the protection of the appellant, the cost of appeal may be taxed against him. 15 Tex.Jur.2d, page

115, sec. 96. We cannot say the appeal was unnecessary in this case.

■■ When the Judge of the 60th District Court entered the order reinstating the removal suit, and enjoining Richard E. Culbertson, the District Attorney and W. G. Walley, as above set forth, there were at least two possible courses which could be taken. One was by appeal from such order to the Court of Civil Appeals, and the other by an original petition for mandamus and prohibition in the Supreme Court of the State of Texas. Neither cause is exclusive. An abundance of precaution resulted in both courses of action being taken. There is no rule prohibiting this. The granting or refusing an original mandamus by the Supreme Court is discretionary. The Supreme Court could have concluded that relator could have gotten the same relief in the Court of Civil Appeals and declined to grant such writ on the ground that because of the great volume of business coming before the Supreme Court, our judicial system could operate more efficiently if litigants are required to present applications of such nature before the Court of Civil Appeals in the first instance. The Supreme Court may have written in this case as it did in Dallas Railway and Terminal Co. v. Watkins, 126 Tex. 116, 86 S.W.2d 1081:

"We have heretofore in several instances taken jurisdiction of similar actions, but, on account of the great increase in the volume of litigation coming before this court, we have concluded to adopt the policy of requiring that relief of this nature be sought first in the Court of Civil Appeals."

In the case of Hidalgo County Water Imp. Dist. #2 v. Blalock, 157 Tex. 206, 301 S.W.2d 593, the Supreme Court announced the same rule as the Watkins case, supra, but added, to the last line above quoted:

"That rule will not be followed in a case like the instant one, where the question involved is of great importance to the State as a whole."

The rules provide for certain steps to be taken in order to perfect an appeal to the Court of Civil Appeals, and each step must be taken within a prescribed time. Appellants could not wait to see what the outcome of their petition to the Supreme Court would be, before taking such steps.

Even though appellants were permitted by the Supreme Court to file their petition for mandamus and prohibition June 20, 1962, no one could be certain what the final action of the Supreme Court would be and whether or not the petition would be granted or denied. The questions before this Court of Civil Appeals and the Supreme Court were not identical. As stated by the Supreme Court in its opinion in the mandamus:

"The appeal from the temporary injunction which the State took to the Court of Civil Appeals from the injunctive order restraining Richard E. Culbertson from acting as sheriff is inadequate to grant the State the relief to which it is entitled. The Court of Civil Appeals in passing upon the question of whether the trial judge abused his discretion in granting the temporary injunction may or may not pass upon the basic order which purports to reinstate Cause No. B–77,303 upon the docket of the 60th District Court. This is the order which brings about the seeming jurisdictional conflict between two co-ordinate courts and is the order, together with its incidental injunctive provisions which the State is entitled to have expunged from the record."

The Supreme Court's opinion is dated July 2, 1962, and the record shows that the transcript and statement of facts had been completed and filed before that date.

■ By voluntarily taking a non-suit, the appellants were the unsuccessful parties, and all costs accrued to this point

should be paid by them. All costs incurred in the trial court up to and including the order granting the non-suit are taxed against appellants. By filing the motion for reinstatement, and petition for injunctions against Richard E. Culbertson, the District Attorney and W. G. Walley, the appellee is responsible for all that followed, including the order of the trial court, and the subsequent appeal to this Court. All other costs incurred in the trial court and in this Court of Civil Appeals are taxed against appellee.

Case dismissed.