## The AETNA CASUALTY AND SURETY COMPANY, Relator,

. v.

### Judge Dee Brown WALKER et al., Respondents.

#### No. 17373.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1969.

G. David Westfall, Bailey, Williams, Weber & Allums, Dallas, for appellant.

Jimmy D. Ivy, Weston & Ivy, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an original proceeding in which The Aetna Casualty and Surety Company, Relator, asks us to issue a writ of mandamus to compel the Honorable Dee Brown Walker, District Judge of the 162nd Judicial District Court, to enter judgment on the verdict of the jury in Cause No. 68–4616–1, Darrell W. Johnston vs. The Aetna Casualty and Surety Company, and to set aside his order therein of June 12, 1969, declaring a mistrial for the sole reason that the jury's answers to special issues are in fatal conflict.

Our jurisdiction to issue such a writ of mandamus directed to the district court is derived from Art. 1824, Vernon's Ann. Civ.St. of Texas, as amended Acts of 1929, 41st Legislature, Chapter 33, Section 1.

Courts of Civil Appeals have concurrent jurisdiction with the Supreme Court to issue such writs to compel a judge of the district or county court to proceed to trial and judgment in a cause. Dallas Railway & Terminal Co. v. Watkins, 126 Tex. 116, 86 S.W. 2d 1081 (1935); Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330 (1961); and Shamrock Fuel & Oil Sales Co. v. Tunks, 416 S.W.2d 779 (Tex.Sup. 1967).

■ The case in the district court in which the order of mistrial was entered was one in which Darrell W. Johnston sought to recover workmen's compensation benefits from an injury sustained by him in the course of his employment with Elliott Electric Company in Dallas County. The jury found that Johnston had sustained the injury which had resulted in total incapacity for a period of thirteen weeks. In response to Special Issues Nos. 10 and 11 the jury found that Johnston sustained permanent partial incapacity to work as a result of his injury. In answer to Issue No. 13 the jury found that Johnston had an average weekly wage-earning capacity during his period of permanent partial disability of $96 per week. During the trial of the case it was stipulated by counsel for both parties that Johnston had an average weekly wage of $90 as of the date of the alleged injury. In connection with the issues relating to "partial incapacity" the trial court submitted the following definition:

> " 'PARTIAL INCAPACITY' as that term is used in this charge, means that a person is suffering from a disability to the extent that he is only able to perform a part of the usual tasks of a workingman, or is only able to perform labor of a less remunerative class than he did before the alleged injury."

Based upon this verdict, returned and received in the court without objection, Judge Walker sustained Johnston's motion for mistrial upon the sole reason that the jury's answers to the special issues were in fatal conflict.

Relator contends that since the verdict and the stipulation, in the light of the court's definition of "partial incapacity", may be reconciled there is no irreconcilable conflict. If the Relator be correct, it follows that it was the ministerial duty of the trial judge to enter judgment on the verdict. Our Supreme Court has consistently held that trial courts are vested with no discretionary power to set aside jury answers which are responsive to proper issues presented by the pleadings and submitted to the jury by the court. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296 (1926), and Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875 (1927).

Respondents contend that a clear conflict exists in the jury verdict because "partial incapacity" was defined by the court to mean "a depression or reduction in his earning capacity", and therefore in view of such definition, the jury findings of permanent partial incapacity were necessarily findings that Johnston had suffered a diminished ability to earn as much as he had earned prior to his injury.

The controlling question thus presented and which must be decided is: Do the jury findings present an irreconcilable conflict?

On May 24, 1961 our Supreme Court rendered decisions in two separate cases involving very similar situations as here presented. In Employers Reinsurance Corporation v. Holland, 162 Tex. 394, 347 S.W.2d 605 (1961) the court was asked to grant its writ of mandamus compelling a district judge to set aside an order declaring a mistrial in a workmen's compensation case and render judgment based upon the verdict of the jury. In that case the jury had found that the injured employee had sustained partial incapacity and that during the period of such partial incapacity his average weekly wage earning capacity was $100. It had been stipulated by the parties that the workingman's average weekly wage at the time of his injury was $100. In connection with the issue of partial incapacity such term

had been defined by the trial court in the following manner:

"It shall mean where an employee by reason of injuries sustained in the course of his employment is only able to perform part of the usual task of a workman, but nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work or is only able to perform labor of a less remunerative class than he performed prior to his injuries, whereby he suffers a depression or reduction in his earning capacity."

The court, divided five to four, held that in the light of the definition of the term "partial incapacity" the jury verdict could not be reconciled and therefore the order of mistrial was proper. The writ of mandamus was denied.

Simultaneously, the Supreme Court decided the case of Indemnity Ins. Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830 (1961), involving almost identical facts. In that case the jury found that the employee had sustained an injury which resulted in partial disability and found that his average weekly wage-earning capacity during his disability was $86.80. The parties had stipulated that the average weekly wages of the workingman before his injury was $86.80. The trial court found that the issues were in fatal conflict and entered an order of mistrial based upon such ground.

In the Craik case the term "partial disability" was defined in the following manner:

"By the term 'partial disability' is meant disability less than total where an employee, by reason of injuries sustained in the course of his employment, is only able to perform part of the usual tasks of a workman, but, nevertheless, he is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or he is only able to perform labor of a less remunerative class than he performed prior to his injury

whereby he suffers a depreciation or deduction in his earning capacity."

The court, in a unanimous opinion, found that the jury verdict could be reasonably reconciled and therefore no fatal or irreconcilable conflict in the jury's answer existed. Accordingly, the Supreme Court directed its mandamus to issue instructing the trial court to set aside its order of mistrial and proceed to enter judgment based upon the jury's verdict. In so doing the Supreme Court took cognizance of its opinion in *Holland,* which it classified as a "companion case" by saying:

"What is said in the opinion in the Holland case need not be repeated here. There is a material difference in the posture of the cases as they come to us. That difference lies in the definitions of 'partial incapacity' as given in the Holland case and 'partial disability' given in this case."

Continuing, the Supreme Court said:

"It is the duty of the court to reconcile apparent conflicts in jury findings if reasonably possible. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, 562. The apparent conflict in the jury's answers to special issues Nos. 9 and 13 may reasonably be resolved by a precise interpretation of the definition of 'partial disability' by which the jury had to be guided in answering special issue No. 9.

It will be observed that under the foregoing definition the jury could find that the plaintiff had suffered a partial disability without finding that he had suffered 'a depreciation or deduction in his earning capacity'. Under the definition, the jury was authorized to find partial disability if the plaintiff was 'able to procure and retain employment reasonably suitable to his physical condition and ability to work' even though he had suffered no depreciation in his earning capacity.

It follows that there is no fatal or irreconcilable conflict in the jury's answers to special issues Nos. 9 and 13, even when

considered with the stipulation of the plaintiff's average weekly wages."

Finally, the Supreme Court said:

"We suggest, however, that the punctuation of the definition in the Holland case is more accurate in carrying out the intent of the Workmen's Compensation Act."

After careful study and comparison of the factual situation presented here with the two cases decided simultaneously by the Supreme Court, though reaching different results, we have concluded that the unanimous opinion of the Supreme Court in *Craik*, supra, is controlling and accordingly, the writ of mandamus must be granted.

We arrive at this conclusion because of the similarity of the definition of the term "partial incapacity" as given by the court in this case and the definition of the term as given by the trial court in *Craik*. When we compare the definition in this case with that given by the court in *Craik* it is immediately apparent that while the trial court here used fewer words the same basic instruction was given to the jury as in *Craik*. As in the definition given in *Craik*, the trial court in this case utilized the comma between the words "workingman" and "or" so as to create two separate and distinct factual situations resulting in partial disability. By the definition given, as in *Craik*, the jury could find that the injured workingman had suffered a partial disability without finding that he suffered a reduction in earning capacity. This is true because the jury was authorized to find partial disability if Johnston was "only able to perform a part of the usual tasks of a workingman".

It is interesting to note that the abbreviated definition utilized by Judge Walker in the instant case does not, as was done in both the Holland and Craik cases, instruct the jury that in order to find partial disability there must be a reduction or depression in the earning capacity of the injured workingman. We think that this adds emphasis to the conclusion reached that the jury verdict may be reconciled and therefore the order of mistrial based upon irreconcilable conflicts must be set aside.

For the reasons stated, the petition for writ of mandamus is granted, and the trial court is directed to set aside its order of mistrial, reinstate the jury verdict, and to proceed to the entry of a judgment in a manner not inconsistent with this opinion. We assume that Judge Walker will set aside his order of mistrial and enter judgment on the verdict of the jury. The actual writ of mandamus will issue only if he does not do so.

Writ of mandamus granted.