

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

5/26/76

The Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas   78701

Opinion No. H-827

Re:  May a constable
properly refuse to levy
on personal property to
satisfy a tax judgment
unless an indemnity bond
from the taxing authority
is received.

Dear Mr. Bullock:

Your letter asks:

> 1.  Can a levying officer require an
> indemnity bond from the State of Texas
> before levying on personal property
> pursuant to a writ of execution in
> favor of the State [for taxes]?
>
> 2.  Can a levying officer require an
> indemnity bond from a City before
> levying on personal property pursuant
> to a writ of execution in favor of the
> City [for taxes]?

You explain that the State of Texas and the City of
Houston joined to sue a delinquent taxpayer.  A default
judgment was obtained and a writ of execution was subsequently
delivered to a constable in Houston where non-exempt
property of the judgment debtor was thought to be located.
The constable located only some personal property possibly
owned by the debtor.  Because he is apprehensive that he may
be required to defend himself against a charge of unlawful
seizure, the constable has asked that he be furnished an
indemnity bond before levying on the property.

It is the duty of sheriffs and constables to properly execute process and precepts lawfully directed to them by courts. Henry S. Miller Company v. Evans, 452 S.W.2d 426 (Tex. Sup. 1970); V.T.C.S. arts. 6885, 6873; Attorney General Opinion H-595 (1975). The powers of both officers with respect to executing writs are generally the same. See 52 Tex.Jur.2d, Sheriffs, Constables and Marshalls §§ 8, 9. Both are liable to the judgment creditor if they fail or refuse to levy upon property subject to execution. V.T.C.S. arts. 3825, 3826, 6887. And both may be liable in trespass for actual and exemplary damages to the owner of personal property wrongfully seized. 52 Tex.Jur.2d, Sheriffs, Constables and Marshalls §§ 21, 25, 89.

A person against whose personal property a wrongful levy is made also has a cause of action in trespass against a creditor who directs or participates in the improper levy. Stevens v. Wolf, 14 S.W. 29 (Tex. Sup. 1890); Wollner v. Darnell, 94 S.W.2d 1225 (Tex. Civ. App. -- Amarillo 1936, no writ); See also Southwest Bank & T. Co. v. Executive Sportsman Ass'n, 477 S.W.2d 920, 55 A.L.R.3d 896 (Tex. Civ. App. --Dallas 1972, writ ref'd n.r.e.); McAden v. Soil Improvement Corporation, 394 S.W.2d 662 (Tex. Civ. App. -- Texarkana 1965, no writ); 24 Tex.Jur.2d, Executions §§ 194, 196; Jarvis, Creditor's Liability in Texas for Wrongful Attachment, Garnishment, or Execution, 41 Tex.L.Rev. 692, 708-709 (1963).

The officer to whom execution has been delivered must proceed without delay to levy upon the property of the defendant as directed by the writ, but if the creditor-plaintiff gives him other or different lawful directions, he must obey them. Daugherty v. Moon, 59 Tex. 397 (1883); Tex. R. Civ. P. 637; 36 Tex.Jur.2d, Levy and Seizure § 6. Notwithstanding such directions, however, if the officer in good faith entertains a reasonable doubt as to the ownership or exempt character of the personal property to be seized or the legality of its seizure, he may require indemnity of the creditor before proceeding. Illies v. Fitzgerald, 11 Tex. 417 (1854); Rankin v. Belvin, 507 S.W.2d 908 (Tex. Civ. App. -- Houston [14th Dist.] 1974, writ ref'd n.r.e.); Fant Milling Co. v. May, 240 S.W.2d 445 (Tex. Civ. App. -- Dallas 1951, writ ref'd n.r.e.); 52 Tex.Jur.2d, Sheriffs, Constables and Marshalls §§ 51, 52, 53. Indemnity, when given, protects the officer in case his authority to make the levy is later questioned.

More than one hundred twenty years ago, the Illies court, like other courts since, said that an officer faced with the dilemma of being liable to the creditor if he fails to levy on available property of the debtor, but liable to the debtor or a third person if he attempts to levy on property legally unavailable to satisfy the debt, may properly shift the risk of litigation to the creditor demanding the levy if the legal availability or non-availability of the property for levy is genuinely subject to reasonable doubt. Failure to allow such a course would cause rank injustice. Illies v. Fitzgerald, supra; Rankin v. Belvin, supra; Fant Milling Co. v. May, supra.

In our opinion, the peril of the levying officer is the same when the state or another taxing authority is the judgment creditor. If he fails to properly execute the writ, he will be liable to the taxing authority under the statutes, and if he levies on personal property not legally available to satisfy the debt he will be liable to the person harmed.

If the sheriff or constable acts improperly at the direction of an officer of the creditor-taxing authority, the person harmed is prevented by the doctrine of governmental immunity from suing the taxing unit for damages, but not from suing the officer directing him to so act. Black v. Baker, 111 S.W.2d 706 (Tex. Sup. 1938). An officer who participates in the commission of a trespass without legal authority is personally liable as a tortfeasor and is not protected from suit by the immunity of the governmental unit for which he purports to act. Griffin v. Hawn, 341 S.W.2d 151 (Tex. Sup. 1960); Cobb v. Harrington, 190 S.W.2d 709 (Tex. Sup. 1945); State v. Lain, 339 S.W.2d 272 (Tex. Civ. App. -- Waco 1960), aff'd, 349 S.W.2d 579 (1961); Worsham v. Votgsberger, 129 S.W. 157 (Tex. Civ. App. -- 1910, no writ); Attorney General Letter Advisory No. 24 (1973); 47 Tex.Jur.2d, Public Officers § 130 at 170. See also Burton v. Rogers, 504 S.W.2d 404 (Tex. Sup. 1974); W.D. Haden Company v. Dodgen, 308 S.W.2d 838 (Tex. Sup. 1958); Harbenito Realty Corporation v. Avila, 406 S.W.2d 523 (Tex. Civ. App. -- Corpus Christi 1966, no writ); Calvert v. Harris County Water Control & Imp. Dist., 368 S.W.2d 833 (Tex. Civ. App. -- Austin 1963, writ ref'd n.r.e.). Since no officer of a taxing unit has legal authority to direct a sheriff or

constable to do an illegal act, an officer of a taxing authority who demands that a sheriff or constable levy upon personal property shown to have been legally unavailable for levy exceeds the legitimate power of his own office and is personally liable for the harm done.  See Black v. Baker, supra.

Sheriffs and constables are already protected by law against the risks of litigation arising from the proper discharge of their duty.  Not only are they protected by the doctrine of governmental immunity against liability for acts done within the scope of their authority, they are entitled to legal representation at the expense of the county in litigation arising from such acts.  Turner v. Cook, 502 S.W.2d 824 (Tex. Civ. App. -- Corpus Christi 1973, no writ); V.T.C.S. art. 332c; Attorney General Letter Advisory No. 24 (1973).  See also Attorney General Opinions H-544 (1975), H-70 (1973); 47 Tex.Jur.2d, Public Officers § 130.

When a constable or sheriff is met with a demand by an officer of a taxing authority that he levy upon personal property concerning which there is a genuine reasonable doubt about its legal availability for levy, we think the constable or sheriff may properly require an indemnity bond from the demanding officer -- but not from the taxing unit -- before proceeding.  Cf. V.T.C.S. art. 279a; Attorney General Opinion S-71 (1953).

If a sheriff or constable fails or refuses to levy upon legally available personal property of the debtor without a legally sufficient reason, the creditor-taxing authority may recover its loss from him, even though he may have unsuccessfully demanded indemnity.  Rankin v. Belvin, supra.  But if his reason for reluctance to levy is sufficient, he may properly refuse to make the levy until the risk of illegality is shouldered by the official who demands that he do so. Illies v. Fitzgerald, supra.

## S U M M A R Y

When a constable or sheriff is met with a demand by an officer of a creditor-taxing authority that he levy upon personal property concerning which there is a genuine reasonable doubt about its legal availability to satisfy the judgment against the taxpayer-debtor, he may properly require an indemnity bond from the demanding officer as an individual, but not from the taxing authority for which the officer purports to act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb