AUTOMATIC DRILLING MACHINES, INC., et al., Relators,

v.

Honorable George E. MILLER, District Judge, et al., Respondents.

No. B–4595.

Supreme Court of Texas.

July 24, 1974.

Lykos, Bergner, McMurrey & Goodrich, Richard F. Bergner, Anderson, Brown, Orn & Jones, Earl A. Brown, Jr., Barrow, Bland & Rehmet, David Bland, Houston, for relators.

Vinson, Elkins, Searls, Connally & Smith, B. Jeff Crane, Jr. and Clark Martin, Houston, for respondents.

WALKER, Justice.

This is an original mandamus proceeding. Automatic Drilling Machines, Inc., et al, relators, seek the writ to require the Honorable George E. Miller, Judge of the 113th Judicial District Court of Harris County, to: (1) vacate an order requiring delivery of certain papers and documents to counsel for Drilling Systems International, Inc., and The Offshore Company; and (2) grant relators' motion for a protective order pursuant to Rule 186b, Texas Rules of Civil Procedure. The petition for writ of mandamus is granted conditionally.

Automatic Drilling Machines, Inc. will be referred to as relator. Drilling Systems International, Inc., and The Offshore Company will be referred to as respondents or as DSI and Offshore, respectively. Judge Miller will be referred to by name. The controversy here arises out of a suit instituted by relator to recover damages and for other relief against respondents, certain of their officers and employees, and Leyman Corporation. In due time respondents filed a counterclaim against relator and a third party action against four of relator's directors. The suit and the counterclaim involve an agreement made by relator and Offshore on December 4, 1971, a series of transactions leading up to the contract and events occurring subsequent to its execution. All of these transactions and events took place during the latter part of 1971 and on through June of 1972.

The second amended original petition, which is relator's live pleading at this time, contains 15 counts. Relator there alleges that as a result of fraudulent and overreaching conduct on the part of respondents, their duress, breach of contract, interference with contractual relationships between relator and others, respondents have been placed in position to and are wrongfully claiming to be the owners of or entitled to enjoy all patents, licenses, trade secrets, and design methods that were formerly utilized solely by relator. The prayer is for actual and exemplary damages, that Offshore, its officers and directors be permanently enjoined from using certain confidential information, and that the following be declared null and void: a nonexclusive license executed by relator to DSI on January 26, 1972; a license from Leyman Corporation to DSI; and an assignment to Offshore or DSI of manufacturing rights acquired by Apollo Electric, Inc. under its

contract with relator dated November 3, 1971. There is also an alternative prayer under one count for reinstatement of a license from Leyman Corporation to relator.

The counterclaim of respondents is based on allegations of fraud on the part of relator, its officers and directors, in connection with the agreement of December 4, 1971, and the nonexclusive license granted January 26, 1972. Respondents nevertheless affirm the contract and license and pray for recovery of actual and exemplary damages. They also seek rescission of the purchase of a drilling rig from relator or, in the alternative, damages for fraud in connection with that transaction.

Relator's claims for damages are based, in part, on allegations that the conduct of respondents, their officers and employees, has caused relator "to lose business ventures and financing proposals" that otherwise would have been available to it. In one count it is alleged that as a result of the poor performance of a drilling rig, caused by respondents' breach of contract, "plaintiff has suffered and will continue to suffer loss of business opportunities." Relator also seeks to recover funds expended in strengthening patents formerly covered by a license from Leyman Corporation and in training employees who terminated their employment at the wrongful instance of respondents. There are other counts that contain even more general allegations of damages.

The parties tell us that discovery by deposition and otherwise has been fairly extensive. On March 22, 1974, notice to take the deposition of Mr. George Homanick in Bloomfield Hills, Michigan, was served on relator's attorneys. The notice stated that a subpoena duces tecum would be served to require the witness to produce various documents for examination or copying when the deposition was taken. Homanick is not a party to the litigation in district court and is not regularly employed by any party. He is one of the pioneers in the field of automatic drilling rigs, was a co-inventor on the patents that originally set forth

that concept, has served as a consulting engineer since 1965, and has done design and development work for relator from time to time.

At the suggestion of relator's attorneys, arrangements were made to take the deposition in Houston. The witness arrived there during the night of April 8, 1974, bringing with him a file of written documents in response to the subpoena duces tecum. Early the following morning, relator's attorney went through the file and withdrew material believed to relate solely to the preparation and evaluation of new systems and procedures for automatic drilling which were designed subsequently to the filing of the suit in district court. These new systems and procedures are represented to be highly confidential in nature, and will probably be the subject of applications for letters patent.

The oral deposition was commenced, but only a few pages of testimony had been taken when relator's attorney instructed the witness not to answer questions relating to confidential matters on which he was then working for relator. At the same time relator's attorney stated that he had removed from the file material of a current nature relating to new items and systems concerning which the witness was consulting with relator and that could reasonably lead to patent applications. The witness was then asked what material had been removed from the files, and he answered that it was reference material and design sketches relevant to a unit on which he was working for relator. Counsel for respondents thereupon decided not to proceed with the deposition until the matter could be taken up with the trial court.

Shortly after the deposition was adjourned, counsel for respondents telephoned Judge Miller to request that he hear a motion to require the witness to comply with the subpoena and to direct relator's attorney not to interfere with the discovery process. Judge Miller was involved in a jury trial but agreed to hear the motion at 1:00 o'clock the same day.

Upon being notified of the hearing, counsel for relator prepared and filed a motion for a protective order pursuant to Rule 186b, Texas Rules of Civil Procedure.

Judge Miller announced at the outset that he had only 15 minutes to devote to the hearings on the motions. In the course of the hearing, counsel for relator advised the court that the material in question was in the court room and requested the court to examine it privately to obtain the necessary information to rule upon respondents' asserted right to require their production for examination and copying. At the conclusion of the hearing and without examining the documents, the court sustained respondents' motion to compel their production, overruled relator's motion for a protective order, and directed that all of the documents be placed in the custody of the clerk under seal. Upon motion of relator, production of the documents was stayed pending our action on a motion for leave to file a petition for writ of mandamus attacking the action of the trial court on the motions.

Under the general provisions of Rule 201, a subpoena may be issued in a proper case to require a witness to produce, at the time and place of giving his deposition, documents and other tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 186a. The subpoena is, however, subject to the provisions of Rules 177a and 186b. On motion seasonably made "and in any event at or before the time specified in the subpoena for compliance therewith," the court is authorized by Rule 177a to quash or modify the subpoena if it is unreasonable or oppressive or condition denial of the motion on advancement of reasonable costs by the party in whose behalf the subpoena was issued. The court is further authorized by Rule 186b, "upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown," to make an order that secret processes, developments and research need not be disclosed. It may also make any other order "which justice requires to protect the party or witness from undue annoyance, embarrassment, oppression, or expense."

Trade secrets and confidential information are not necessarily "privileged" matters within the meaning of Rule 186a. If the information is material and necessary to the litigation and unavailable from any other source, a witness may be required to make disclosure. Lehnhard v. Moore, Tex.Sup., 401 S.W.2d 232. A public disclosure of trade secrets should not be required, however, except "in such cases and to such extent as may appear to be indispensable for the ascertainment of truth." 8 Wigmore, Evidence (McNaughton rev. 1961), § 2212(3). In acting on the motions in this case, it was necessary for the judge to weigh the need for discovery against the desirability of preserving the secrecy of the material in question.

It appears from relator's motion for a protective order in the trial court, as well as its petition for a writ of mandamus here, that respondents are in direct and active competition with relator in the development, manufacture and marketing of automatic drilling equipment, that the material withdrawn from the files of the witness relates to new systems and procedures that are highly confidential in nature, were designed subsequent to the filing of this suit, and will probably be the subject of applications for letters patent. Respondents do not question these statements but apparently concede that relator's "representation or description" of the material is accurate. It is their contention that once relator filed suit and charged them with destroying its business, relator's entire business was necessarily opened to examination so the truthfulness of the charge might be subjected to the rigors of the adversary system of justice. We do not agree.

Relator recognizes that if it receives economic gain from any of the processes, developments or research, proof of that fact might be relevant and material and

would therefore be subject to discovery by respondents. Respondents are also entitled to information that may be needed to enable them to pursue inquiries along that line. This information conceivably could be obtained by eliciting from the witness a description of the secret processes and devices in terms sufficiently general to protect relator and yet enable respondents to make further investigation concerning any use to which the new systems and procedures may have been put. Somewhat the same approach might be adopted in interrogating the witness with respect to the use of the new systems and procedures, past, present and prospective, and the results of any tests that have been made to determine their performance or feasibility. Other lines of inquiry will doubtless occur to able trial counsel, but it is our opinion that respondents are not, absent some further showing of need, entitled to know every detail of every secret process, device and system that has been developed by relator subsequent to the filing of this suit.

With the record in its present condition, it was an abuse of discretion for the trial court to overrule relator's motion and order full disclosure of all the material. There were at least two avenues open to the court under the circumstances. As pointed out by Professor Wigmore, the "simple expedient of restricting the disclosure to the judge or his delegate will usually prevent whatever detriment might otherwise be incurred by forcing a public revelation of the trade secret." 8 Wigmore, Evidence (McNaughton rev. 1961), § 2212(3). That might not be a simple expedient here since the documents to be examined are fairly numerous and technical in nature. With the aid of the witness Homanick or some other qualified expert, however, the court could have examined the material and determined what, if anything, is relevant and so essential to respondents' investigation and development of their case as to be subject to discovery by them. That is the course we ordered with respect to income tax returns in Crane v. Tunks,

160 Tex. 182, 328 S.W.2d 434, and Maresca v. Marks, Tex.Sup., 362 S.W.2d 299. In this instance the court might also have deferred action on the two motions until respondents had completed their examination of the witness on other matters as contemplated by Rule 215a. It should not have ordered full disclosure of all the material without first making further inquiry to determine relevance and need.

■ Respondents also argue that relator's motion for a protective order came too late since it was not filed prior to the time of taking the deposition. It appears that the witness is not regularly employed by relator, that he resides in Lathrup Village, Michigan, and that counsel for relator reside in Houston. It further appears that relator's attorney of record had been away from Houston taking depositions in the case and on vacation for about two weeks immediately prior to April 9 and had no opportunity to examine the material brought to Houston by the witness until the morning the deposition was to be taken. We also note that Rule 186b, unlike Rule 177a, does not require that every motion for a protective order be filed at or before the time of taking the deposition. In view of the circumstances mentioned, it is our opinion that relator's motion was not so late that it could properly be overruled for that reason alone.

The trial court should: (1) set aside the order sustaining respondent's motion to require production of the material and overruling relator's motion for a protective order; and (2) either before or after examination of the witness on other matters has been completed, examine the several documents and, with such expert assistance as may be required, determine the relevance and need for discovery of each and the extent to which disclosure should be made; and (3) enter an order based on the determination thus made. We assume that Judge Miller will comply promptly. In the event he fails to do so, a writ of mandamus will issue.