**ZENITH RADIO CORPORATION,**
Relator,

v.

**Honorable Harley CLARK,**
**Judge, Respondent.**

No. 14079.

Court of Appeals of Texas,
Austin.

Nov. 30, 1983.

Rehearing Denied Dec. 21, 1983.

David J. Beck, Fulbright & Jaworski, Houston, for relator.

Jim Mattox, Atty. Gen., Stan Reid, Asst. Atty. Gen., Austin, for respondent.

Before SHANNON, POWERS and BRADY, JJ.

SHANNON, Justice.

This proceeding in mandamus attacks the validity of an order of a district judge overruling a motion to compel compliance with a subpoena *duces tecum* and to compel a witness to answer questions on oral deposition. Zenith Radio Corporation, relator, complains of Honorable Harley Clark,

Judge of the 261st District Court of Travis County. Judge Clark signed the order overruling the motion on July 5, 1983, which order relator seeks to have vacated by writ of mandamus. This Court will conditionally grant the writ of mandamus.

Early in the morning of February 6, 1983, Capitol Security Officers discovered a fire in the Lieutenant Governor's apartment in the State Capitol. The officers called the City of Austin Fire Department and, in turn, the Department notified the State Fire Marshal, Ernest Emerson. Firefighters extinguished the conflagration; however, one person died and two Capitol Security Officers were injured. The blaze extensively damaged the east wing of the Capitol.

The State of Texas filed suit against Zenith seeking recovery for property damages. Others intervened in the suit seeking damages for personal injuries and wrongful death. The State's petition alleged that Zenith designed, constructed, assembled, manufactured, inspected, and sold a television set that was defective and unreasonably dangerous and which was a "direct and proximate cause" of the damages sought.

Zenith served the Fire Marshal with notice of deposition accompanied by a subpoena *duces tecum* to produce any investigation report made by him concerning the Capitol fire.[1] The Fire Marshal appeared for deposition; however, upon direction by the Assistant Attorney General, he refused to comply with the subpoena *duces tecum* and refused to answer most of Zenith's questions on deposition.[2]

Zenith filed a motion seeking an order from the district court to compel the Fire Marshal to answer the questions and to require the witness to comply with the subpoena *duces tecum*. At the hearing on the motion, counsel for Zenith moved the district court to examine the Fire Marshal's file *in camera* to make a determination whether or not it contained discoverable material. The district court did not make an *in camera* examination and, after argument, denied Zenith's requested relief.

■■■ Mandamus to compel a court to vacate or expunge a void order is a commonly used procedural vehicle to attack discovery orders. An order is deemed void when rendered by a court having no jurisdiction or authority, *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272 (1939), when the order is violative of some constitutional right of a party, or is rendered as a result of an abuse of discretion by a judicial officer. Norvell & Sutton, *The Original Writ of Mandamus in the Supreme Court of Texas*, 1 St. Mary's L.J. 177, 181 (1969). The power of the Supreme Court or a Court of Appeals to require vacation of a *void* order derives from Tex.Rev.Civ.Stat. Ann. art. 1733 and art. 1824 (Supp.1983). It is settled now that the Supreme Court or Court of Appeals may direct a writ of mandamus to issue to correct a clear abuse of discretion by a trial court in a discovery proceeding. *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977); *Houdaille Industries, Inc. v. Cunningham*, 502 S.W.2d 544 (Tex.1973); *Maresca v. Marks*, 362 S.W.2d 299 (Tex.1962); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). This is so, even when the district court's order denies

---

**1.** The subpoena *duces tecum* also directed the Fire Marshal to bring "any and all reports, letters, notes, memoranda, books, articles, photographs, models, or any other tangible thing of whatsoever description that you, or anyone acting on your behalf, have either produced, relied upon, reviewed, seen, referred to, or which has been produced, written, or prepared under your direction, which pertains in any way to the fire that occurred on or about February 6, 1983, at the State Capitol Building in Austin, Texas (and which fire is the basis of this lawsuit), or your investigation into or analysis of that fire or the

cause thereof, or in any other way relates to any work connected with that fire."

**2.** The Fire Marshal refused to answer any of Zenith's questions relating either directly or indirectly to the investigation of the Capitol fire performed by his office or to other relevant facts about the fire within his personal knowledge. The Fire Marshal specifically refused to testify, as well, about the formal report prepared by his office and he also refused to testify about what he personally observed at the scene of the fire.

discovery rather than permits it. *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977); *Barker v. Dunham, supra.*

The State's threshold argument is that the Supreme Court of Texas determined all issues contrary to Zenith's position and such determination is now law of the case. The basis for the State's claim is that before Zenith filed in this Court a motion for leave to file a petition for a writ of mandamus, it filed a motion for leave to file a petition for writ of mandamus with the Clerk of the Supreme Court of Texas. The motion for leave was accompanied by a petition for writ of mandamus and a brief in support of the petition, all of which were filed with the Clerk of the Supreme Court. The State filed a reply and thereafter Zenith responded to the State's reply. The issues in the filings with the Clerk of the Supreme Court were substantially the same as those in the proceeding now pending in this Court. The Supreme Court overruled Zenith's motion for leave to file the petition on September 14, 1983. The State insists that the action by the Supreme Court in overruling the motion for leave constituted a determination on the merits of all issues before the Supreme Court.

In support of its position, the State points to the specific relief requested in its reply brief filed with the Clerk of the Supreme Court and relies upon the literal language of the Supreme Court's order overruling Zenith's motion for leave to file the petition for writ of mandamus. The State's reply brief requested that Zenith's motion for leave to file "be denied and that if the motion be granted, [Zenith's] Petition be overruled and denied." The order of the Supreme Court provided in part "it is ordered that said motion for leave be, and hereby is, overruled." The State insists that the Court, by employing the word, "overruled," in its order, intended to overrule Zenith's *petition* for writ of mandamus as well as its motion for leave. This Court does not agree.

■ The Supreme Court's order simply overruled Zenith's motion for leave to file a petition for writ of mandamus. The order by its terms does not purport to pass upon the contentions asserted in Zenith's petition. The purpose of a motion for leave to file is to permit the court a preliminary opportunity to determine whether it chooses to consider a matter on the merits. If the court chooses not to consider the case on the merits, for any of several reasons, it overrules the motion for leave to file.

■ Generally, the Supreme Court will not entertain jurisdiction of an original mandamus proceeding wherein like jurisdiction is conferred upon a Court of Appeals unless it is made to appear that relief was first sought in the Court of Appeals or that the question involved is of great importance to the State as a whole. *Hidalgo County Water Improvement District No. 2 v. Blalock,* 157 Tex. 206, 301 S.W.2d 593 (1957); *Dallas Railway and Terminal Co. v. Watkins,* 126 Tex. 116, 86 S.W.2d 1081 (1935).

In fact, Rule 474 provides that whenever a Court of Appeals is authorized to exercise concurrent jurisdiction over an original proceeding, the motion should first be presented to the Court of Appeals. Tex.R. Civ.P.Ann. 474(1)(a) (1983). In such proceedings, a motion for leave to file in the Supreme Court must state the date of presentation of the motion for leave to the Court of Appeals and must state that court's action on the motion. Tex.R.Civ.P. Ann. 474(1)(a) (1983). Zenith's motion for leave in the Supreme Court failed in this respect.

■ It is logical to assume that the Supreme Court determined the issue raised by Zenith's motion for leave was not of such great importance to the State as a whole so as to preclude the need for original resort to the Court of Appeals. Accordingly, the Supreme Court's action in overruling the motion for leave is likely to reflect an adherence to an "exhaustion" requirement in all but the most exigent circumstances. *Cf. Yett v. Cook,* 115 Tex. 175, 268 S.W. 715, 721 (1925) ("It is clear that under [the statute], and under the Constitution, we

have the power to grant the relief prayed for in this case. The fact that application has heretofore been made to the Court of Civil Appeals for relief has no effect on our jurisdiction."); *Alexander v. Meredith,* 137 Tex. 37, 152 S.W.2d 732 (1941); *see also* Note, Original Jurisdiction of Appellate Courts to Issue Writs of Mandamus—Res Judicata, 14 Texas L.Rev. 400 (1935).

The State also urges that Zenith's request for relief by way of mandamus should be denied because "the motion to compel and the petition for writ of mandamus are too broad, vague and global to support a writ of mandamus." In support of its argument, the State relies upon *General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983) where the Court wrote:

> Although this Court has extensively revised the discovery rules to expedite discovery, the revisions have not solved the abuse of the discovery process caused by overly broad requests, delay in production, or production of materials in a meaningless manner.

Although overly broad discovery requests do present problems, the request addressed by the Supreme Court in *General Motors* is distinguishable from that in this proceeding. The request in *General Motors* would have required production of specified tests on all models and makes of "vehicles" ever produced by General Motors. The Supreme Court discussed the abuse of the discovery process caused by overly broad requests and concluded, in that proceeding,

that the trial court should not have granted the proposed requests.

■ Zenith's request is set out in the margin. By way of contrast to that in *General Motors,* Zenith's request is rather specific and limited. Moreover, in the context of a lawsuit of this magnitude, Zenith's request for production pursuant to the subpoena appears modest and not unduly burdensome. *See also Commercial Travelers Life Insurance Co. v. Spears,* 484 S.W.2d 577 (Tex.1972). The State's contention is without merit.

Before oral submission to this Court, the State had not made clear the basis for its defense of the district court's order denying discovery. In fact, from one filing to the next, the State's argument seemed to shift accordingly. Upon final analysis, and based upon argument at oral submission, we have concluded that the State seeks to uphold the trial court's order predicated upon the provision in Tex.R.Civ.P.Ann. 186a which protects from discovery "information obtained in the course of an investigation of a claim or defense by a person employed to make such investigation." [3]

As this Court understands the State's argument, the fact that the Fire Marshal is a state employee and that he had a duty to investigate fires, coupled with the fact that the fire resulted in a suit being filed, makes the information which he collected immune from discovery pursuant to Rule 186a.

**3.** The State had argued previously that the information sought was also protected from disclosure by the Texas Open Records Act, Tex.Rev. Civ.Stat.Ann. art. 6252–17a § 3(a)(1) and Tex. Ins.Code 5.43. Article 6252–17a § 3(a)(1) provides in pertinent part:

> Sec. 3(a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:
> (1) information *deemed confidential by law,* either Constitutional, statutory, or by judicial decision .... (emphasis added)

Texas Ins.Code Ann. art. 5.43 provides in part:

> All investigations held by or under the direction of the State Fire Marshal may, in his discretion, be private, and persons other than those required to be present may be excluded from the place where such investigation is held, and the witnesses may be kept separate from each other and not allowed to communicate with such others until they have been examined; and all testimony taken in an investigation under the provisions of this law may, at the election of the State Fire Marshal, be withheld from the public.

The State conceded at oral submission, and we agree, that, for purposes of this proceeding, no greater protection against discovery is afforded by the Texas Open Records Act than by Rule 186a.

That Rule expresses the general policy that all relevant matters are discoverable. The Rule then sets out the standard of relevance as it relates to discovery proceedings. The general rule in favor of discovery is then made subject to five specific situations (sub-provisos) in which discovery is not permitted (first proviso). Finally, three situations are described in which, apparently, discovery is always permitted (second proviso).

The final sub-proviso of Rule 186a prevents discovery of *information* obtained in the course of an investigation of a claim or defense *by a person employed to make such investigation. Allen v. Humphreys, supra,* addresses this sub-proviso. In *Allen,* the Supreme Court ingrafted a "good cause" exception similar to that applied under the Federal work product doctrine. The Supreme Court wrote that,

> [t]he results of a test or survey done after the institution of Mrs. Allen's suit or after Safeway and Charter Oak had good cause to believe such a suit would be filed would be privileged if the defendant could show the survey or test was made in connection with the prosecution, investigation or defense of such claim or the circumstances out of which the same has arisen. The privilege against discovery can be invoked only where the document sought to be protected was prepared in connection with the prosecution or defense of the law suit in which the discovery is sought ....

The Court also held that a limitation announced by *Ex parte Shepperd,* 513 S.W.2d 813 (Tex.1974) should be applied to this sub-proviso. "In *Shepperd,*" the Supreme Court wrote, "we held that production of reports prepared by non-testifying experts in a separate pending suit should not be ordered produced except upon an especially rigorous showing of good cause."

The State seems to contend that since the Fire Marshal is a state employee, he is "employed" at all times in the sense of the final sub-proviso of Rule 186a and that, since any fire involving state property may eventually involve litigation, any report made by the Fire Marshal is immune from discovery. This Court does not agree.

■■■ It does not follow from the fact that the Fire Marshal is a state employee that all information which he obtains while performing his tasks is privileged simply because at some later time the State is, or may become involved in litigation arising from the fire. The final sub-proviso of Rule 186a can be invoked only when the information sought to be protected was prepared *in connection* with the prosecution or defense of a lawsuit in which the discovery is sought. *Allen v. Humphreys, supra.* In order for any court to determine whether or not the Fire Marshal's report was protected from discovery, it is necessary that facts be developed to show whether, indeed, the report was prepared in connection with the State's lawsuit. As we understand from the limited record, first, the Assistant Attorney General by instruction to the witness and, second, the district court by its order effectively blocked all inquiry into whether the Fire Marshal's report was prepared in connection with the State's lawsuit.

■■■ In an effort to determine whether or not the district court abused its discretion in denying discovery it is necessary to examine a number of Supreme Court holdings. In *Crane v. Tunks, supra,* the relator sought mandamus relief in the Supreme Court from the trial court's order, pursuant to a bill of discovery, that relator produce for inspection and copying her 1950 income tax return. The Supreme Court concluded that the trial court's order was an abuse of discretion, but not solely because it ordered the production of the return. The Court wrote that

> on *failing to examine* the income tax return and to separate the relevant and material parts from the irrelevant and immaterial parts, the trial judge herein abused his discretion in ordering the income tax return to be delivered to respondent for inspection.... The record shows no examination [at a hearing preceding the court's order] by the trial

judge, the respondent Tunks, of the return to determine what part of same, if any, was relevant and material to the issues in the main cause, nor was any provision made to protect Mrs. Crane against the respondent's examination and reproduction of the whole of the return. The Supreme Court endeavored, throughout the opinion, to set out guidelines so that Judge Tunks thereafter might be able to make the proper determination after he inspected the tax return. The Court wrote that

> it was the duty of the trial judge to examine the income tax return ... to ascertain what parts of it are material and relevant to the main cause, and so word his order so as to require only such portion, or portions, to be delivered ... for discovery. [The Court wrote further that] where the documents contain information which the movant should not see, the order should in some way afford his adversary proper protection as by requiring inspection in the presence of his representative or by some other appropriate device. Generally speaking, the court should, however, be guided by the underlying purpose and objective of the rules, and allow discovery in advance of trial where possible.

In *West v. Solito*, 563 S.W.2d 240 (Tex. 1978), the relator sought a writ of mandamus to compel the trial judge to vacate his orders denying relator's motion to quash a subpoena *duces tecum* and motion for protection. The relator argued that the court's order required the production of matters privileged by her attorney-client relationship. The Supreme Court held that the trial judge, in his order for production, abused his discretion in ordering the production of documents and testimony, which relator considered privileged, before the trial court had made any determination whether they were, in fact, privileged. As for the subpoenaed documents which the relator claimed were privileged, the Supreme Court suggested that the trial judge examine the documents sought to be discovered, to determine which of them, if any, are privileged, prior to ordering the production of such documents. Because the court had abused its discretion in failing to examine the contested documents, the writ of mandamus was conditionally granted.

In *Automatic Drilling Machine, Inc. v. Miller*, 515 S.W.2d 256 (Tex.1974), the relator sought a writ of mandamus to require Judge Miller to vacate an order requiring delivery of certain papers and documents to counsel. Relator's counsel had instructed a deponent not to answer questions relating to matters claimed to be confidential and on which he was working for relator. At the same time relator's attorney stated that he had removed from the witness' file material which he considered confidential. The parties then adjourned to the courthouse where respondent's counsel filed a motion to require the deponent to comply with the subpoena and to direct relator's attorney not to interfere with the discovery process. In the course of the hearing, relator's attorney advised the district court that the material considered confidential was in the courtroom and requested the district court to examine it privately in order to obtain the necessary information to rule upon respondent's asserted right to require their production for examination and copying. Without examination of the disputed materials, the district court granted respondent's motion to compel their production. The Supreme Court concluded that it was an abuse of discretion for the trial court to order full disclosure of all the material. The Court suggested that the trial court should examine the several documents and determine the relevance and need for discovery of each and the extent to which disclosure should be made.

With the record in its present condition, this Court has concluded that it was an abuse of discretion for the district court, in failing to examine the Fire Marshal's report, to deny Zenith's motion to compel answers to the oral deposition and to refuse to require compliance with the subpoena *duces tecum*.

The district court should: (1) set aside the order denying Zenith's motion to compel answers to the oral deposition and Zenith's motion to require compliance with the subpoena *duces tecum;* and (2) either before or after further oral examination of the Fire Marshal, examine the report of the Fire Marshal to determine its discoverability pursuant to the final sub-proviso of Rule 186a and the extent, if any, to which disclosure should be made; and (3) enter an order based upon the determination made. This Court assumes Judge Clark will comply promptly. In the event he fails to do so, a writ of mandamus will issue.