**TEXAS DEPARTMENT OF TRANSPORTATION, Texas Department of Mental Health and Mental Retardation, and Texas Department on Aging, Relators,**

v.

**The Honorable Edward S. MARQUEZ, Judge, 65th Judicial District Court of El Paso County, Texas, Respondent.**

No. 08–94–00110–CR.

Court of Appeals of Texas, El Paso.

May 25, 1994.

William W. Kilgarlin, Popp & Ikard, Austin, for relators.

Jose R. Rodriguez, County Atty., El Paso, Raymond C. Caballero, El Paso, Eliot G. Shapleigh, Peticolas and Shapleigh, El Paso, for respondent.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

*OPINION ON DENIAL OF RELATORS' MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS*

BARAJAS, Chief Justice.

Relators seek mandamus relief attempting to have this Court direct the 65th Judicial District Court of El Paso County, Texas, acting in its role as a magistrate, to terminate a judicial proceeding. This Court previously granted Relators' motion for leave to file petition for writ of mandamus and also entered an order staying proceedings in Cause No. 73310–65, a Court of Inquiry. We withdraw our previous order allowing Relators leave to file their petition for writ of mandamus, and deny Relators' motion for leave to file such petition.

## I. PROCEDURAL HISTORY

This is a criminal law matter. On February 18, 1994, Respondent convened a court of inquiry pursuant to Article 52.01 of the Texas Code of Criminal Procedure. The stated purpose of the court of inquiry is to investigate whether unknown public servants have committed the offense of official oppression by intentionally denying or impeding the citizens of El Paso County, Texas, their right, privilege or power to equal rights under Article I, Section 3 of the Texas Constitution and equal protection of the law under Article I, Section 3a of the Texas Constitution. TEX.PENAL CODE ANN. Section 39.02 (Vernon Supp.1994). The suspected offense has its basis in the alleged discriminatory treatment of El Paso *vis-a-vis* other Texas cities or geographic areas in the funding of various state programs.

On May 3, 1994, Relators filed with the Court of Criminal Appeals, their Motion for Leave to File a Petition for Writ of Prohibition.[1] Specifically, Relators alleged that Respondent lacked jurisdiction to conduct such court of inquiry and further sought

---

1. A writ of prohibition, which emanates from an original proceeding, issues only to prevent the threatened commission of a future act, and not to undo an act performed. It will not issue to review an act which has already been performed, or to annul or correct proceedings already terminated. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 435 (Tex.Crim.App.1987).

a stay of further proceedings in the court of inquiry. The Court of Criminal Appeals initially issued its order staying further proceedings pending resolution of whether to grant or deny Relators' Motion for Leave to File a Petition for Writ of Prohibition. On May 5, 1994, the Court of Criminal Appeals entered its order denying leave to file the petition for writ of prohibition and lifting the stay.[2]

On May 9, 1994, Relators filed with this Court their Motion for Leave to File a Petition for Writ of Mandamus, alleging that Respondent, the Honorable Edward S. Marquez, Judge of the 65th Judicial District Court of El Paso County, Texas, has clearly abused his discretion or exceeded his authority in convening such court of inquiry. Contemporaneous with their motion for leave to file, Relators filed an Emergency Motion to Stay Proceedings in the 65th Judicial District Court Pending Further Orders, specifically complaining that their respective department heads have each been served with a *subpoena duces tecum,* compliance with which would be oppressive, expensive, and unduly burdensome.[3] Given the nature of the unique proceeding below, as well as the question presented, this Court issued its order staying further proceedings pending resolution of whether to grant or deny Relators' Motion for Leave to File a Petition for Writ of Mandamus.

## II. *DISCUSSION*

■■■ As previously noted, the court of inquiry was convened pursuant to TEX.CODE CRIM.PROC.ANN. art. 52.01, et seq. Article 52.01 provides as follows:

> When a judge of any district court of this state, **acting in his capacity as magistrate,** has good cause to believe that an offense has been committed against the laws of this state, he may summon and examine any witness in relation thereto in accordance with the rules hereinafter provided, which procedure is defined as a "Court of Inquiry".

TEX.CODE CRIM.PRO.ANN. art. 52.01(a) (Vernon Supp.1994) (emphasis supplied). In seeking mandamus relief, Relators attempt to invoke the original jurisdiction of this Court. The Texas courts derive their authority to act from the Constitution and laws of the State of Texas. *Curry v. Wilson,* 853 S.W.2d 40, 45 (Tex.Crim.App.1993). In that regard, Article 5, Section 6, of the Texas Constitution provides in relevant part that, "courts [of appeals] shall have such other jurisdiction, original and appellate, as may be prescribed by law." In furthering the goals and objectives of the above constitutional provision, our Legislature, in not only providing courts of appeals with criminal jurisdiction, enacted Section 22.221 of the Texas Government Code, which provides for the statutory authority of courts of appeals to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX.GOV'T CODE ANN. Section 22.221 (Vernon 1988). Consequently, this Court's mandamus jurisdiction is limited by Section 22.221(b) which provides as follows:

> Each court of appeals for a court of appeals district may issue all writs of manda-

---

**2.** In his response to Relators' Motion for Leave to file Petition for Writ of Mandamus, as well as in his Motion to Dismiss, Respondent, without benefit of any authority, suggests that this Court should refrain from "reconsidering" a matter that has already been presented to the Court of Criminal Appeals. We strongly disagree. The order of the Court of Criminal Appeals simply denied Relators' motion for leave to file a petition for writ of prohibition. The order by its terms does not purport to pass upon the contentions asserted in their petition. The purpose of a motion for leave to file is to permit the court a preliminary opportunity to determine whether it chooses to consider a matter on the merits. If the court chooses not to consider the case on the merits, for any of several reasons, including procedural, it overrules the motion for leave to file. *See generally Zenith Radio Corp. v. Clark,* 665 S.W.2d 804, 807 (Tex.App.—Austin 1993, orig. proceeding).

**3.** In support of their Motion for Emergency Stay of Proceedings, Relators complain, *inter alia,* that the trial court refused their requests to be reimbursed for costs generated as a result of complying with the *subpoenas. See* TEX.CODE CRIM.PROC.ANN. art. 52.09 (Vernon Supp.1994) (all costs incurred in conducting a Court of Inquiry shall be borne by the county in which said Court of Inquiry is conducted).

mus, agreeable to the principles of law regulating those writs, **against a judge of a district or county court** in the court of appeals district.

TEX.GOV'T CODE ANN. Section 22.221(b) [Emphasis supplied].[4]

Insofar as the record before this Court clearly shows that Respondent, in convening the complained-of court of inquiry, acted in his capacity as a **magistrate,** rather than in his capacity of Judge of the 65th Judicial District Court of Texas, this Court is without statutory authority, and thus lacks jurisdiction, to issue a writ of mandamus directing Respondent to terminate the proceedings below. *See State ex rel. Holmes v. Salinas,* 774 S.W.2d 421 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding) (court of appeals lacked jurisdiction to issue writ of mandamus against district judge who was acting in capacity as magistrate in holding examining trial); *cf. Dickens v. Ct. of App., 2nd Sup. Jud. Dist.,* 727 S.W.2d 542 (Tex.Crim.App. 1987). Accordingly, we withdraw our order granting Relators leave to file petition for writ of mandamus issued May 18, 1994, as improvidently granted, and we set aside our stay order entered in this cause on May 12, 1994. Relators' motion for leave to file their petition for writ of mandamus is denied for lack of jurisdiction.

■ Our denial of the motion for leave to file the petition for writ of mandamus does not, of course, determine any issue raised in Relators' petition. *See State Bd. of Ins. v. Williams,* 736 S.W.2d 259 (Tex.App.—Austin 1987, original mandamus proceeding); *Zenith Radio Corp. v. Clark,* 665 S.W.2d 804. Moreover, in concluding that Relators are not entitled to a writ of mandamus against Respondent, we do not comment on, and certainly do not indicate approval or disapproval of any actions taken by Respondent in the controversy presented.

Relators' motion for leave to file petition for writ of mandamus is denied.

McCOLLUM, J., not participating.

4. Compare Article 5, Section 5, of the Texas Constitution which provides for the general grant of authority of the Court of Criminal Appeals. Article 5, Section 5 read as follows:

    Subject to such regulations as may be prescribed by law, regarding criminal matters, the Court of Criminal Appeals and the judges thereof shall have the power to issue the writs of habeas corpus, mandamus, procedendo, prohibition, certiorari, and other such writs as may be necessary to protect its own jurisdiction or enforce its judgments.