NO. 07-01-0215-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 1, 2001

______________________________

IN RE DANNIE LEE MITCHELL, RELATOR

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this original proceeding, relator Dannie Lee Mitchell, who is incarcerated, has filed a pro se “writ of mandamus/prohibition” asking us to order the judge of the 364
th
 District Court of Lubbock County to order his acquittal of a robbery which occurred on December 30, 1992.  Relator claims entitlement to this relief upon the following bases:  1) the evidence was insufficient to prove that his second previous felony conviction as alleged in the indictment was committed subsequent to the first previous conviction having become final as required by section 12.42(d) of the Texas Penal Code;
(footnote: 1) (2) he was denied his constitutional right to appointed counsel in that the order appointing counsel for him was not signed until the day sentence was imposed against him and not filed until the day after; and 3) he received ineffective assistance of counsel.   

Although relator has failed to comply with Rules 52.3(j)(1)(A) and 52.7(a) of the Rules of Appellate Procedure in that he has not provided this court with a certified or sworn copy of every order or other document complained of and every other document that is material to his claim for relief, he has attached copies of the indictment dated January 11, 1993, the first page of a judgment on his plea of guilty indicating sentence was imposed on January 19, 1993, and defendant’s affidavit of inability to employ counsel and order appointing counsel dated January 19, 1993, and filed January 20, 1993.   No other documents have been provided to this court, including any hearing transcripts at the trial court level or documents indicating whether an appeal was taken from the judgment.  

Our jurisdiction to consider an application for writ of prohibition exists only to the extent that a writ is necessary to enforce our jurisdiction.  Tex. Gov’t Code Ann. § 22.221(a) (Vernon Supp. 2001).  Before we can protect our jurisdiction, an appeal must be before us.  
See Faherty v. Knize, 
764 S.W.2d 922, 923 (Tex.App.--Waco 1989) (orig. proceeding).
  As we have stated, there is nothing before us to indicate whether or not an appeal was ever perfected in this proceeding.   Moreover, a writ of prohibition issues only to prevent the threatened commission of a future act and not to undo an act already performed.  
Texas Dept. of Transp. v. Marquez, 
885 S.W.2d 456, 458 (Tex.App.--El Paso 1994) (orig. proceeding).  The relief requested by relator is for an order of acquittal after the trial court has entered a judgment of conviction.   A writ of prohibition would not be appropriate in this instance. 

Additionally, writs of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law where there is no adequate remedy by appeal.
 
Walker v. Packer
, 827 S.W.2d 833, 839-41 (Tex. 1992) (orig. proceeding).  A party seeking mandamus relief must establish that he does not have an adequate remedy by appeal.  
In re Bay Area Citizens Against Lawsuit Abuse
, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding).  Mandamus will issue only when there is a legal duty to perform non-discretionary acts, a demand for performance, and a refusal to perform.  
O’Connor v. First Court of Appeals
, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding).  We note there is nothing before us to indicate that there has been a request to the trial court to perform an act and a refusal to do so. 

Moreover, with respect to relator’s sufficiency of the evidence claim, there is no clerk’s or reporter’s records before us to indicate what proof may have been offered with respect to the enhancement allegations, and claims of insufficiency of the evidence can ordinarily be raised by direct appeal.
(footnote: 2) 
 See Bobo v. State, 
843 S.W.2d 572, 575-76 (Tex.Crim.App. 1992).  To the extent that relator is actually claiming some defect in the indictment itself, that claim could also have been raised on direct appeal.  
See Geter v. State
, 779 S.W.2d 403, 407 (Tex.Crim.App. 1989).  Additionally, claims of failure to receive appointed counsel and ineffective assistance of counsel can generally be raised by direct appeal.  
See Hernandez v. State
, 726 S.W.2d 53, 59 (Tex.Crim.App. 1986); 
Ellingsworth v. State
, 487 S.W.2d 108, 111 (Tex.Crim.App. 1972). 
 Therefore, no showing has been made that mandamus is an appropriate remedy.  

For the reasons recounted above, relator’s application for writ of mandamus/prohibition must be and hereby is denied.

Per Curiam

Do not publish.

FOOTNOTES
1:
Relator’s first issue states that the indictment was void or defective but his argument focuses on the insufficiency of the evidence to sustain the enhancement allegations of the indictment. 

2:
We do not have any documentation before us to indicate whether relator waived his right to appeal non-jurisdictional errors as the result of a plea bargain in which the sentence was within the range agreed to by the parties.